**Charles F. DILLINGER,
Plaintiff-Appellant,**

v.

**Richard SCHWEIKER, Secretary of
Health and Human Services,
Defendant-Appellee.**

No. 84–3487.

United States Court of Appeals,
Sixth Circuit.

Argued April 16, 1985.
Decided May 23, 1985.

Saundra J. Robinson, Akron, Ohio, for plaintiff-appellant.

Mimi H. Leahy, Asst. Regional Atty., Department of HHS, Chicago, Ill. (argued), Kathleen Ann Sutula, Randolph Baxter, Asst. U.S. Atty., Cleveland, Ohio, for defendant-appellee.

Before MERRITT and MILBURN, Circuit Judges, and GUY, District Judge.*

MERRITT, Circuit Judge.

The issue here, an age discrimination issue presented for the first time to an appellate court, is whether the social security formula for determining old age benefits enacted in 1977 violates equal protection. In 1977, Congress amended the Social Security Act by changing the formula for computing retirement benefits. Social Security Amendments of 1977, Pub.L. No. 95–216, §§ 201–03, 91 Stat. 1509, 1514–1527

---

* The Honorable Ralph B. Guy, Judge of the United States District Court for the Eastern District of Michigan, sitting by designation.

(1977). The new formula, somewhat lowering the level of benefits, was put into effect on January 1, 1979, making two levels of benefits which turn on whether a retiree reached the age of 62 before or after that date. The new formula was designed to rectify an anomaly in the old formula which, in effect, counted inflationary factors twice, thereby placing an unintended financial burden on the system. The parties agree that plaintiff receives a lower rate of benefits only because he reached the age of 62 after January 1, 1979. Plaintiff contends that a formula which distinguishes between levels of benefits solely on the basis of age violates his right to equal protection under the due process clause of the Fifth Amendment.

Equal protection analysis turns on a threshold question concerning the appropriate level of judicial scrutiny of the distinguishing characteristics. If a piece of legislation includes a classification that singles out a suspect class or burdens a fundamental right, then the legislation should be subjected to strict scrutiny. *Harrah Indep. School Dist. v. Martin*, 440 U.S. 194, 199, 99 S.Ct. 1062, 1064, 59 L.Ed.2d 248 (1979). Strict scrutiny presumes the unconstitutionality of the classification absent a compelling governmental justification. If no suspect class or fundamental right is involved, the court's job is to determine whether the legislative classification is rationally related to a legitimate governmental purpose. *Id.* In determining whether legislation has a rational basis, the court does not question the wisdom of the legislation. *Helvering v. Davis*, 301 U.S. 619, 644, 57 S.Ct. 904, 910, 81 L.Ed. 1307 (1937). Nor should the court substitute its conception of sound public policy for Congress'. *Schweiker v. Wilson*, 450 U.S. 221, 234, 101 S.Ct. 1074, 1082, 67 L.Ed.2d 186 (1981). If there is a rational basis for the legislation some imperfections and inequalities will be tolerated. *Mathews v. De Castro*, 429 U.S. 181, 185, 97 S.Ct. 431, 434, 50 L.Ed.2d 389 (1976). Further, when no suspect class or fundamental right is involved, the party challenging the legislation has a heavy burden in demonstrating that the legislation is irrational. *Harrah Indep. School Dist. v. Martin, supra*, 440 U.S. at 198, 99 S.Ct. at 1064. Plaintiff has not met that burden in the instant case.

Since a social security retiree does not fall within a suspect class, and receiving social security benefits is not a fundamental right, strict scrutiny of the 1977 amendments is not the proper level of judicial review. To uphold the legislation, all that is required is that the Court find the legislation to be rationally related to a legitimate governmental purpose.

Congress enacted the 1977 amendments in order to remedy the problem of counting inflation twice. Its ultimate goal in fashioning this remedy was to relieve an unnecessary financial strain caused by the old formula on the resources of the Social Security System. Protecting the solvency of the Social Security System is a legitimate governmental goal, and changing the formula for computing benefits, thereby reducing the amount of money leaving the system, is rationally related to that goal.

Finally, Congress may modify the formula for computing benefits using age as a means of drawing the line between the old formula and the new. *Califano v. Webster*, 430 U.S. 313, 321, 97 S.Ct. 1192, 1196, 51 L.Ed.2d 360 (1977). Consequently, Congress may make the new formula prospective only. *Id.* Retirees already receiving benefits under one method of computation have expectation and reliance interests that it may be unfair to upset. Retirees not yet receiving benefits do not have such interests, or do not have them to the same degree. Hence, making the new formula prospective only is rationally related to a legitimate governmental purpose.

Since the 1977 amendments do not violate plaintiff's right to equal protection under the due process clause of the Fifth Amendment, the District Court did not err in affirming the Secretary's decision.

Accordingly, the District Court's judgment is affirmed.