9 F.3d 109
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James TAYLOR, Plaintiff-Appellant,
v.
Robert BROWN, Jr., et al. Defendants-Appellees.
 No. 93-1172.
 United States Court of Appeals, Sixth Circuit.
 Oct. 18, 1993.
 
 Before: JONES and SILER, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 James Taylor, a pro se prisoner currently confined at the State Prison of Southern Michigan in Jackson, Michigan (SPSM), appeals a district court order granting the defendants' motion for summary judgment in this civil rights action which he filed under 42 U.S.C. Secs. 1983 and 1985. The defendants, sued in their individual and official capacities, are Robert Brown, Jr., former Director of the Michigan Department of Corrections (MDOC); Jerry John Jabe, the Warden at SPSM; Jerry Hofbauer and Frank Elo, Deputy Wardens at SPSM; Dennis Sergent, Acting Classification Director at SPSM; and Matt Hensley, Captain at SPSM. (Defendants Majorie Van Ochten and Dina Perrin were not served, and, pursuant to Fed.R.Civ.P. 4, the district court dismissed these defendants for lack of service.) This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In his complaint, Taylor alleged: 1) that the defendants wrongfully removed him from his prison job as a porter due to false allegations of disobeying a direct order and in retaliation for filing a grievance; 2) that he was denied due process because the defendants did not follow certain policy directives that allegedly created a liberty interest in Taylor's retention of his prison job; 3) that the defendants subjected Taylor to cruel and unusual punishment by removing him from his prison job; 4) that he was denied equal protection; and 5) that defendant Hensley conspired with defendant Perrin to deprive Taylor of his liberty. He sought declaratory, injunctive and monetary relief. The matter was referred to a magistrate judge who recommended that the defendants' motion for summary judgment be granted. The district court adopted the report and recommendation over Taylor's objections.
 
 
 3
 On appeal, Taylor again presents the due process, equal protection and retaliation claims presented to the district court. He has abandoned his Eighth Amendment and conspiracy claims. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 4
 This court renders de novo review of a grant of summary judgment, making all reasonable inferences in favor of the nonmoving party. See Storer Communications, Inc. v. National Ass'n of Broadcast Employees & Technicians, AFL-CIO, 854 F.2d 144, 146 (6th Cir.1988). Under Fed.R.Civ.P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 5
 The district court properly granted summary judgment to defendants on Taylor's equal protection claim. It is incumbent on one asserting a Fourteenth Amendment equal protection claim to prove the existence of some purposeful discrimination. McCleskey v. Kemp, 481 U.S. 279, 292 (1987). A plaintiff must establish that a state actor intentionally discriminated against him because of his membership in a protected class. See Henry v. Metropolitan Sewer Dist., 922 F.2d 332, 341 (6th Cir.1990). In the present case, Taylor failed to allege facts which would support an equal protection claim because he did not identify any suspect class, and prison employment is not a fundamental right. See Dillinger v. Schweiker, 762 F.2d 506, 508 (6th Cir.1985) (citing Harrah Independent School Dist. v. Martin, 440 U.S. 194, 199 (1979)). Moreover, the pleadings and accompanying evidentiary material demonstrate, at most, one isolated incident of uneven enforcement of a prison disciplinary regulation. Absent more, no purposeful discrimination is apparent. See Ustrak v. Fairman, 781 F.2d 573, 575-76 (7th Cir.), cert. denied, 479 U.S. 824 (1986).
 
 
 6
 The defendants are entitled to judgment on Taylor's claim that they filed false disciplinary charges against him in retaliation for Taylor having filed grievances regarding the mistreatment of prisoners who worked as porters in the control center. A prisoner has no constitutionally protected immunity from being falsely accused. See Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir.1986), cert. denied, 485 U.S. 982 (1988). Taylor's allegations of retaliation do not demonstrate an egregious abuse of authority sufficient to defeat a motion for summary judgment. See Cale v. Johnson, 861 F.2d 943, 950 (6th Cir.1988).
 
 
 7
 Finally, the defendants are entitled to judgment on Taylor's claim that he was denied due process by the defendants' failure to comply with MDOC policies which Taylor alleged have created a protected liberty interest in his retention of the prison employment from which he was removed. This court has held that, although prisoners have no constitutionally protected property interest in continued prison employment, such an interest may be created by state law in "language of an unmistakenly mandatory character." Newsom v. Norris, 888 F.2d 371, 374 (6th Cir.1989) (per curiam) (quoting Hewitt v. Helms, 459 U.S. 460, 471 (1983)). It appears that policy directive PD-BCF-40.01 does contain "mandatory" language in regard to the procedures to be followed before a classification or reclassification decision is to be made. However, no hearing prior to termination of a prison job is required, nor do the policy directives mandate that a prisoner be allowed to present witnesses on his behalf. In any event, it is undisputed that Taylor was given an interview prior to his termination. His due process claim therefore fails.
 
 
 8
 Accordingly, the district court's order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.