**Herman EDELMAN, Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Appellee.**

**No. 95–5599.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) March 29, 1996.

Decided May 7, 1996.

Faith S. Hochberg, Janet S. Nolan, United States Attorneys, Newark, NJ, for Appellee.

Richard M. Fricke, Fricke & Solomon, P.C., Tenafly, NJ, for Appellant.

Before: GREENBERG, ROTH and ROSENN, Circuit Judges.

## OPINION OF THE COURT

ROSENN, Circuit Judge.

This appeal from a grant of summary judgment in favor of the Commissioner of Social Security[1] rejecting Herman Edelman's claim for social security benefits for the month of October 1993 presents the issue of the proper construction of the 1981 amendments to the Omnibus Budget Reconciliation Act (OBRA) affecting the Social Security Act, 42 U.S.C.

1. The complaint originally named Donna Shalala, the Secretary of Health and Human Services as defendant. After Congressional action made the Commissioner the proper party, the caption was amended pursuant to Fed.R.App.Proc. 43.

§ 301 et seq. Because we determine that the district court correctly interpreted the statute and applicable regulations, and because Edelman cannot sustain his constitutional claim, we will affirm.

The parties have agreed that the facts are not in dispute, and the issue for determination is purely legal. Herman Edelman turned sixty-two on October 3, 1993. On October 23, 1993, he applied for early social security benefits. The Social Security Commission informed him by letter on November 12 that he was entitled to such benefits as of November 1993, and began to pay him benefits. Edelman appealed this determination, asserting that his entitlement should begin as of October 1993, and not November.

In December of 1993, the Assistant Regional Commissioner of the Social Security Administration affirmed the original finding, that Edelman's benefits began as of November. Edelman requested reconsideration, which was denied. The parties then stipulated to an expedited appeals process, and Edelman filed a civil action for declaratory judgment in the United States District Court for the District of New Jersey. The parties each moved for summary judgment, and Edelman also moved for class certification. The district court, Judge Mary Little Parell, found that Section 202(a) of the Social Security Act, codified at 42 U.S.C. § 402(a) established the eligibility provisions for individuals seeking retirement benefits. After the 1981 amendments by the Omnibus Budget Reconciliation Act (OBRA), the statute provided for retirement benefits to a sixty-five year old individual in the month "within" which he or she met all of the eligibility requirements. However, sixty-two year olds seeking early retirement benefits were entitled to receive them in the month "throughout" which the requirements were met.

Because of this difference in language, the court held that early retirement benefits did not begin until the first month in which an individual had been sixty-two during the entire month. Because Edelman did not turn sixty-two until the third of the month, he was not eligible for benefits in October of 1993. Consequently, the district court granted summary judgment in favor of the Commissioner of Social Security and denied Edelman's two motions.

Summary judgment is proper when there are no material facts in dispute and judgment may be entered as a matter of law. Fed.R.Civ.Proc. 56, *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–32, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). In reviewing a district court's grant of summary judgment, we apply this same test, and our review is plenary. *Erie Telecommunications, Inc. v. City of Erie,* 853 F.2d 1084, 1093 (3d Cir.1988).

The Social Security Act, 42 U.S.C. § 301 et. seq., provides old-age and pension benefits for persons who meet certain criteria specified in 42 U.S.C. § 402(a). These criteria are as follows:

Every individual who—

(1) is a fully insured individual (as defined in section 414(a) of this title),

(2) has attained age 62, and

(3) has filed application for old-age insurance benefits or was entitled to disability insurance benefits for the month preceding the month in which he attained retirement age (as defined in section 416(*l*) of this title), shall be entitled to old-age insurance benefit for each month, beginning with—

(A) in the case of an individual who has attained retirement age (as defined in section 416(*l*) of this title), **the first month in which** such individual meets the criteria specified in paragraphs (1), (2), and (3), or

(B) in the case of an individual who has attained age 62, but has not attained retirement age (as defined in section 416(*l*) of this title), **the first month throughout which** such individual meets the criteria specified in paragraphs (1) and (2) (if in that month he meets the criterion specified in paragraph (3)) . . .

42 U.S.C. § 402(a) (emphasis added).

Thus, beginning at age 62 a person is eligible for retirement benefits, but the language of the entitlement differs between early retirement (age 62 but not yet retirement age) and retirement at age 65. This difference was added by the 1981 amendments to the Act contained in Section 2203(a) of Title XXII of the Omnibus Budget and Reconciliation Act of 1981 (OBRA). Prior to OBRA,

the statute had provided that every individual who had met the three criteria would be entitled to old-age insurance benefits for the first month "in" which the individual became entitled. In accordance with the 1981 amendments, the Social Security Administration has promulgated rules to determine when benefits begin.

 Section 404.311 of the Code of Federal Regulations, volume 20 provides that 65–year–olds are entitled to benefits beginning with the first month "in which" all requirements are met; persons who are 62 or older, but not yet 65 are entitled to benefits beginning the first month "throughout" which all requirements are met. This regulation is further explained in the Program Operations Manual System (POMS)[2] § RS 00201.001: "A individual born on the first or second day of the month (attainment of age 62 on the last day of the preceding month or the first day of the current month) could be entitled to benefits for the month of his or her 62nd birthday. Birth on any other day of the month would preclude entitlement for the month in which the birth occurs since the individual would not be age 62 for the entire month." The Social Security Administration considers a person to have attained a certain age on the day before that birthday. A person born on January 1, 1934, attained 62 on December 31, 1995. Under these regulations, Edelman, whose birthday is October 3, attained the age of 62 on October 2, 1993. Thus, he was not 62 years old throughout the month of October, and his benefits did not begin until November of that year.

 The Social Security Administration argues that OBRA's amendments evince a clear intent on the part of Congress to limit early retirement benefits. Although 65–year–olds are eligible for retirement benefits beginning the first month they became 65, 62–year–olds are not eligible until they have been 62 throughout a full month. The district court agreed with this construction of the statute and regulations. Edelman argues that there is no such congressional intent, and that the Social Security Administra-

tion's construction of the statute is arbitrary, capricious and denies him equal protection.

 The first principle in determining the meaning of a statute is the plain language of that statute. Absent clear legislative intent to the contrary, that is conclusive. *Resolution Trust Corp. v. Cityfed Financial Corp.,* 57 F.3d 1231 (3d Cir.1995). In this case, the statute clearly distinguishes between the words "in which" and "throughout which." We must assume that Congress, in enacting these amendments, intended them to have a real and substantial effect. *See, Stone v. Immigration and Naturalization Service,* ── U.S. ──, ──, 115 S.Ct. 1537, 1545, 131 L.Ed.2d 465 (1995). A change from "in" to "throughout" indicates that Congress wished to change its eligibility date from any time within the month of an individual's sixty-second birthday to the first month throughout which the individual was sixty-two. The plain meaning of "throughout" is "from beginning to end." The plain reading of the statute indicates that the Social Security's regulations are accurate in their interpretation.

This is borne out by the legislative history behind OBRA. The report to the House of Representatives noted that, under law prior to OBRA, beneficiaries were eligible to receive early retirement benefits for the whole month in which they became eligible, regardless of when in that month the eligibility occurred. The report gave an example of a worker who turned 62 on June 15, and noted that under the old scheme, he would be eligible for a reduced benefit for June. Under the amendments, however, "entitlement to benefits would begin with the first month throughout all of which the individual met all the requirements of eligibility. In the example above, the first month of eligibility would be July...." H.R.Rep. No. 97–158, 97th Cong., 1st Sess., 1 at 290 (1981). This leaves no question as to the intent of Congress. Because the challenged CFR and POMS regulations promote this intent, they are "based on a permissible construction of the statute." *Chevron, U.S.A., Inc. v. Natural Resources*

---

2. POMS is the authorized means for issuing official Social Security policy and operating instructions. POMS § AO 20002.001. These regula-

tions do not have the force of law. *Schweiker v. Hansen,* 450 U.S. 785, 789, 101 S.Ct. 1468, 1471, 67 L.Ed.2d 685 (1981).

*Defense Council,* 467 U.S. 837, 843, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1984) (setting forth the appropriate standard of appellate review of agency regulations concerning a federal statute). Therefore, they are not arbitrary and capricious.

The only issue remaining, therefore, is whether the statute itself comports with Constitutional requirements. Edelman claims that it does not, because it establishes an arbitrary classification system based on the day of the month in which people were born, and then treats groups differently based on this classification, in violation of the equal protection clause of the Fourteenth Amendment.

Under the statute as applied, persons born on the first or the second day of the month can receive benefits for the month in which they turn 62, while persons born on the third of the month or later do not receive old-age benefits until the following month. This is disparate treatment. But disparate treatment is not necessarily unlawful discrimination. In the area of social welfare, courts have recognized the need to make broad categorizations in order to administer such a large-scale entitlement. Therefore, as long as Congress is not singling out a class we have recognized as suspect, or burdening a right we have upheld as fundamental, we tolerate some imperfections in the system. *Dillinger v. Schweiker,* 762 F.2d 506, 508 (6th Cir.1985) (upholding 1979 amendments changing the computation of "old age" under the Social Security Act). The Constitution does not require complete precision from Congress in this area. Rather, we hold that a statutory classification in the area of social welfare is consistent with the Equal Protection Clause if it is "rationally based and free from invidious discrimination." *Dandridge v. Williams,* 397 U.S. 471, 487, 90 S.Ct. 1153, 1162, 25 L.Ed.2d 491 (1970). The statute at issue here meets these "rational basis" requirements.

Congress acted legitimately in attempting, with the 1981 OBRA, to limit government spending. The method by which they chose to do so, to delay payment of early retirement benefits until an applicant had been 62 throughout an entire month, was rational. It is true that Congress could have acted with greater precision, and prorated a person's benefits based on their date of birth. This, however, would have been more costly, and also complex and difficult to administer. Congress is by no means so required. With such a large fund to administer, and a large and growing number of persons to pay, the mere enormity of the task justifies Congress' decision to recognize changes in eligibility only at monthly intervals. The classification established here is not invidious, and it is not enough that plaintiff can argue another rational way for Congress to draw the line. The district court committed no error in denying Edelman's motion for summary judgment and granting the Commissioner's motion.[3]

Accordingly, the judgment of the district court will be affirmed. Each side to bear its own costs.

---

**3.** Because we affirm the district court's dismissal of Edelman's complaint, we find it unnecessary, as did the district court, to reach the issue of his motion for class certification.