

1996 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-7-1996

# Edelman v. Comm Social Security

Precedential or Non-Precedential:

Docket 95-5599

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1996

Recommended Citation

"Edelman v. Comm Social Security" (1996). *1996 Decisions.* Paper 171.
http://digitalcommons.law.villanova.edu/thirdcircuit_1996/171

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1996 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 95-5599
_____


HERMAN EDELMAN,
                    Appellant,

        v.

---

An Appeal from the United States District Court
for the District of New Jersey
D.C. No. 94-cv-03361
District Judge:  Honorable Mary Little Parell

---

Submitted Under Third Circuit LAR 34.1(a)  March 29, 1996

Before:  GREENBERG, ROTH and ROSENN, Circuit Judges.

---

(Filed May 7, 1996)

Faith S. Hochberg
Janet S. Nolan
United States Attorney
970 Broad Street, Room 502
Newark, NJ  07102
Counsel for Appellee


Richard M. Fricke
Fricke & Solomon, P.C.
60 Westervolt Avenue
Tenafly, NJ  07670
Counsel for Appellant

---

OPINION OF THE COURT

---

ROSENN, Circuit Judge.

This appeal from a grant of summary judgment in favor of the Commissioner of [...] Security[1] rejecting Herman Edelman's claim for social security benefits for the mon[...] October 1993 presents the issue of the proper construction of the 1981 amendments t[...] Omnibus Budget Reconciliation Act (OBRA) affecting the Social Security Act, 42 U.S.[...] 301 et. seq. Because we determine that the district court correctly interpreted the[...] statute and applicable regulations, and because Edelman cannot sustain his constitu[...] claim, we will affirm.

The parties have agreed that the facts are not in dispute, and the issue for [...] determination is purely legal.  Herman Edelman turned sixty-two on October 3, 1993.[...] October 23, 1993, he applied for early social security benefits.  The Social Securi[...] Commission informed him by letter on November 12 that he was entitled to such benef[...] of November 1993, and began to pay him benefits.  Edelman appealed this determinati[...] asserting that his entitlement should begin as of October 1993, and not November.

In December of 1993, the Assistant Regional Commissioner of the Social Securi[...] Administration affirmed the original finding, that Edelman's benefits began as of [...] November.  Edelman requested reconsideration, which was denied.  The parties then [...] stipulated to an expedited appeals process, and Edelman filed a civil action for [...] declaratory judgment in the United States District Court for the District of New Je[...] The parties each moved for summary judgment, and Edelman also moved for class [...] certification.  The district court, Judge Mary Little Parell, found that Section 20[...] the Social Security Act, codified at 42 U.S.C. § 402(a) established the eligibility[...] provisions for individuals seeking retirement benefits.  After the 1981 amendments [...] Omnibus Budget Reconciliation Act (OBRA), the statute provided for retirement benef[...] a sixty-five year old individual in the month "within" which he or she met all of t[...]

---

[1]The complaint originally named Donna Shalala, the Secretary of Health and Human Se[...] as defendant.  After Congressional action made the Commissioner the proper party, t[...] caption was amended pursuant to Fed.R.App.Proc. 43.

eligibility requirements.  However, sixty-two year olds seeking early retirement be

were entitled to receive them in the month "throughout" which the requirements were

Because of this difference in language, the court held that early retirement

benefits did not begin until the first month in which an individual had been sixty-

during the entire month. Because Edelman did not turn sixty-two until the third of

month, he was not eligible for benefits in October of 1993. Consequently, the distr

court granted summary judgment in favor of the Commissioner of Social Security and

Edelman's two motions.

Summary judgment is proper when there are no material facts in dispute and ju

may be entered as a matter of law. Fed.R.Civ.Proc. 56, Celotex Corp. v. Catrett, 47

317, 322-32 (1986).  In reviewing a district court's grant of summary judgment, we

this same test, and our review is plenary. Erie Telecommunications, Inc. v. City of

853 F.2d 1084, 1093 (3d Cir. 1988).

The Social Security Act, 42 U.S.C. § 301 et. seq., provides old-age and pensi

benefits for persons who meet certain criteria specified in 42 U.S.C. § 402(a).  Th

criteria are as follows:

> Every individual who –
> (1) is a fully insured individual (as defined in section 414(a) of this t
> (2) has attained age 62, and
> (3) has filed application for old-age insurance benefits or was entitled
> disability insurance benefits for the month preceding the month in which
> attained retirement age (as defined in section 416(l) of this title,
> shall be entitled to old-age insurance benefit for each month, beginning
> (A) in the case of an individual who has attained retirement age (as defi
> section 416(l) of this title), **the first month in which** such individual m
> the criteria specified in paragraphs (1), (2), and (3), or
> (B) in the case of an individual who has attained age 62, but has not att
> retirement age (as defined in section 416(l) of this title), **the first mo**
> **throughout which** such individual meets the criteria specified in paragrap
> and (2)(if in that month he meets the criterion specified in paragraph (3

42 U.S.C. § 402(a)(emphasis added).

Thus, beginning at age 62 a person is eligible for retirement benefits, but t

language of the entitlement differs between early retirement (age 62 but not yet

4

retirement age) and retirement at age 65. This difference was added by the 1981

amendments to the Act contained in Section 2203(a) of Title XXII of the Omnibus Bu

Reconciliation Act of 1981 (OBRA). Prior to OBRA, the statute had provided that eve

individual who had met the three criteria would be entitled to old-age insurance be

for the first month "in" which the individual became entitled. In accordance with

1981 amendments, the Social Security Administration has promulgated rules to deter

when benefits begin.

Section 404.311 of the Code of Federal Regulations, volume 20 provides that 6

olds are entitled to benefits beginning with the first month "in which" all require

are met; persons who are 62 or older, but not yet 65 are entitled to benefits begin

the first month "throughout" which all requirements ar met. This regulation is fur

explained in the Program Operations Manual System (POMS)[2] § RS 00201.001: "A indivi

born on the first or second day of the month (attainment of age 62 on the last day

preceding month or the first day of the current month) could be entitled to benefit

the month of his or her 62nd birthday. Birth on any other day of the month would p

entitlement for the month in which the birth occurs since the individual would not

62 for the entire month." The Social Security Administration considers a person to

attained a certain age on the day before that birthday. A person born on January 1

attained 62 on December 31, 1995. Under these regulations, Edelman, whose birthday

October 3, attained the age of 62 on October 2, 1993. Thus, he was not 62 years ol

throughout the month of October, and his benefits did not begin until November of t

year.

The Social Security Administration argues that OBRA's amendments evince a cle

intent on the part of Congress to limit early retirement benefits. Although 65-yea

---

[2]POMS is the authorized means for issuing official Social Security policy and opera
instructions. POMS § AO 20002.001. These regulations do not have the force of law.
Schweiker v. Hansen, 450 U.S. 785, 789 (1981).

are eligible for retirement benefits beginning the first month they became 65, 62-y

olds are not eligible until they have been 62 throughout a full month.  The distric

agreed with this construction of the statute and regulations.  Edelman argues that

is no such congressional intent, and that the Social Security Administration's

construction of the statute is arbitrary, capricious and denies him equal protectio

The first principle in determining the meaning of a statute is the plain lang

that statute.  Absent clear legislative intent to the contrary, that is conclusive.

Resolution Trust Corp. v. Cityfed Financial Corp., 57 F.3d 1231 (3d Cir. 1995).  In

case, the statute clearly distinguishes between the words "in which" and "throughou

which."  We must assume that Congress, in enacting these amendments, intended them

a real and substantial effect.  See, Stone v. Immigration and Naturalization Servic

S.Ct. 1537, 1545 (1995).  A change from "in" to "throughout" indicates that Congres

wished to change its eligibility date from any time within the month of an individu

sixty-second birthday to the first month throughout which the individual was sixty-

The plain meaning of "throughout" is "from beginning to end."  The plain reading of

statute indicates that the Social Security's regulations are accurate in their

interpretation.

This is borne out by the legislative history behind OBRA. The report to the H

Representatives noted that, under law prior to OBRA, beneficiaries were eligible to

receive early retirement benefits for the whole month in which they became eligible

regardless of when in that month the eligibility occurred.  The report gave an exam

a worker who turned 62 on June 15, and noted that under the old scheme, he would be

eligible for a reduced benefit for June.  Under the amendments, however, "entitleme

benefits would begin with the first month throughout all of which the individual me

the requirements of eligibility.  In the example above, the first month of eligibil

would be July...."  H.R.Rep. No. 97-158, 97th Cong., 1st Sess., 1 at 290 (1981).  T

leaves no question as to the intent of Congress.  Because the challenged CFR and PO

6

regulations promote this intent, they are "based on a permissible construction of t

statute." Chevron, Inc. v. Natural Resources Defense, 467 U.S. 837, 844 (1984)(set

forth the appropriate standard of appellate review of agency regulations concerning

federal statute). Therefore, they are not arbitrary and capricious.

The only issue remaining, therefore, is whether the statute itself comports w

Constitutional requirements. Edelman claims that it does not, because it establish

arbitrary classification system based on the day of the month in which people were

and then treats groups differently based on this classification, in violation of th

protection clause of the Fourteenth Amendment.

Under the statute as applied, persons born on the first or the second day of

month can receive benefits for the month in which they turn 62, while persons born

third of the month or later do not receive old-age benefits until the following mon

This is disparate treatment. But disparate treatment is not necessarily unlawful

discrimination. In the area of social welfare, courts have recognized the need to

broad categorizations in order to administer such a large-scale entitlement. There

as long as Congress is not singling out a class we have recognized as suspect, or

burdening a right we have upheld as fundamental, we tolerate some imperfections in

system. Dillinger v. Schweiker, 762 F.2d 506, 508 (3d Cir. 1985)(upholding 1979

amendments changing the computation of "old age" under the Social Security Act). T

Constitution does not require complete precision from Congress in this area. Rathe

hold that a statutory classification in the area of social welfare is consistent wi

Equal Protection Clause if it is "rationally based and free from invidious

discrimination." Dandridge v. Williams, 397 U.S. 471, 487 (1970). The statute at i

here meets these "rational basis" requirements.

Congress acted legitimately in attempting, with the 1981 OBRA, to limit gover

spending. The method by which they chose to do so, to delay payment of early retir

benefits until an applicant had been 62 throughout an entire month, was rational.

7

true that Congress could have acted with greater precision, and prorated a person's benefits based on their date of birth. This, however, would have been more costly, also complex and difficult to administer. Congress is by no means so required. Wi a large fund to administer, and a large and growing number of persons to pay, the m enormity of the task justifies Congress' decision to recognize changes in eligibili at monthly intervals. The classification established here is not invidious, and it enough that plaintiff can argue another rational way for Congress to draw the line. district court committed no error in denying Edelman's motion for summary judgment granting the Commissioner's motion.[3]

Accordingly, the judgment of the district court will be affirmed. Each side its own costs.

---

[3] Because we affirm the district court's dismissal of Edelman's complaint, we f unnecessary, as did the district court, to reach the issue of his motion for class certification.

8