

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-24-2002

# Stafford v. EI DuPont de Nemours

Precedential or Non-Precedential:

Docket 1-1289

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Stafford v. EI DuPont de Nemours" (2002). *2002 Decisions.* Paper 34.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/34

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-1289

_____

STEVEN C. STAFFORD,

Appellant

v.

EI DUPONT DE NEMOURS, Plan Administrator;

Appellee

HOSPITAL AND MEDICAL-SURGICAL PLAN; DENTAL
ASSISTANCE PLAN; NONCONTRIBUTORY GROUP LIFE
INSURANCE PLAN; CONTRIBUTORY GROUP LIFE INSURANCE
PLAN; TOTAL AND PERMANENT DISABILITY INCOME PLAN;
SHORT TERM DISABILITY PLAN

_____

Appeal from the United States District Court
For the District of Delaware
D.C. No.: 98-cv-00086
District Judge: Honorable Roderick R. McKelvie

_____

Submitted Under Third Circuit LAR 34.1(a) January 18, 2002

Before: SCIRICA, ROSENN, Circuit Judge, and KANE, District Judge.

(Filed:  January 24, 2002)

_____

MEMORANDUM OPINION

_____


ROSENN, Circuit Judge.

Steven Stafford (Stafford) was employed by E.I. Du Pont De Nemours and
Company (Du Pont) from January 1984 through September 1993.  Stafford sued in the
United States District Court for the District of Delaware under the Employee Retirement
Income Security Act (ERISA)  502(a)(1)(B), 29 U.S.C.  1132(a)(1)(B) and ERISA
502(a)(3), 29 U.S.C.  1132(a)(3), alleging that Du Pont denied him disability benefits
due him under Du Pont's Total and Permanent Disability Income Plan (T&P plan).  The
District Court granted summary judgment in favor of Du Pont.  Stafford timely appealed.
We affirm.

I.

Because the parties are fully familiar with the facts, we briefly summarize only the most pertinent. Since we are reviewing a grant of summary judgment, we view those facts in the light most favorable to Stafford. Pa. Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995).

Du Pont terminated Stafford's employment in September 1993. In July 1994, Stafford submitted an application for T&P plan benefits. Generally, an employee is eligible for Du Pont's T&P plan benefits if that person is, while a Du Pont employee, "totally disabled by injuries or disease and presumably will be totally and permanently prevented from pursuing any gainful occupation." In support of his application, Stafford submitted medical records revealing that he suffered from hypertension (i.e., high blood pressure) which was being treated by medication. Nothing in the July 1994 application suggested that Stafford had been disabled in September 1993, when he was terminated.

Following an extensive review by Du Pont's Board of Benefits and Pensions (Board), Du Pont denied Stafford's application and so informed him by a letter dated October 13, 1994. The letter informed Stafford that none of the medical evidence he provided showed that he "had a total and permanent impairment at the time of [] termination." The letter also informed Stafford of his "right to appeal th[e] decision to the Board" pursuant to a procedure attached to the letter. It further informed Stafford that to appeal successfully, he had to provide additional objective medical evidence of a total impairment of function. The letter also enumerated some examples of such evidence. On October 19, 1994, Stafford requested an appeal to the Board.

In due course, the Board's secretary wrote Stafford, informing him that the Board would review the previously submitted information and inviting him to submit any additional information helpful to his application. Stafford submitted no new information. In December 1994, the Board denied Stafford's appeal and informed him of the decision by letter dated December 27, 1994.

Approximately two and a half years later, on June 5, 1997, Stafford informed Du Pont that the Social Security Administration had determined that he had been disabled at

the time of his termination in September 1993 and had awarded him Social Security disability benefits. Du Pont informed Stafford that a Social Security disability award does not ipso facto qualify a person for T&P plan benefits. Du Pont also advised him to submit new medical information in support of his claim, which would be reviewed to determine if it warranted reopening Stafford's case before the Board. Stafford submitted new medical records, but none suggested that he had been permanently disabled from working at the time of his termination in September 1993. Therefore, in January 1998, Du Pont advised Stafford that it would not reopen his T&P plan application. On February 23, 1998, Stafford filed this suit.

                                    II.

We exercise de novo review over the District Court's granting summary judgment. Id. Summary judgment is proper when no material facts are in dispute and judgment can be entered as a matter of law. Edelman v. Comm'r of Soc. Sec., 83 F.3d 68, 70 (3d Cir. 1996). The applicability of a statute of limitations is a legal question and is likewise reviewed de novo. Syed v. Hercules Inc., 214 F.3d 155, 159 n.2 (3d Cir. 2000).

The District Court had two bases for granting summary judgment. First, it looked at Du Pont's rejection of Stafford's original 1994 application. The Court ruled that there was a one-year statute of limitations vis-a-vis Stafford's 1994 application, and that Stafford's challenge was therefore untimely. The Court then separately looked at Du Pont's January 1998 rejection of Stafford's attempt to reopen his case, and ruled that such denial was not arbitrary and capricious. Stafford, egregiously misapprehending the Court's ruling, believes that the District Court relied on the statute of limitations to reject both his original 1994 claim and his later attempt to reopen it. Because the statute of limitations ruling is the only issue briefed by Stafford, it is the only issue this Court will address.

Stafford first argues that Du Pont did not assert a statute of limitations defense until after the formal briefing of the summary judgment motion and that Du Pont therefore waived the defense. We first note that affirmative defenses, which include the

statute of limitations, are not waived if raised at a "pragmatically sufficient time" with no prejudice to the plaintiff. Eddy v. VI Water & Power Authority, 256 F.3d 204, 209 (3d Cir. 2001) (internal quotations omitted). Moreover, "issues tried by the express or implied consent of the parties are 'treated in all respects as if they had been raised in the pleadings.'" Charpentier v. Godsil, 937 F.2d 859, 864 (3d Cir. 1991) (quoting Prinz v. Greate Bay Casino Corp., 705 F.2d 692, 694 (3d Cir. 1983)). Here, Stafford met Du Pont's statute of limitations defense head-on in the District Court, without objection. He had a full and fair opportunity to present his arguments, and he will not now be heard to raise an objection.

Stafford further appears to argue that since Du Pont's procedure allows employees to attempt to reopen their cases, his administrative remedies were never exhausted and the statute of limitations has not begun to run. Weldon v. Kraft, Inc., 896 F.2d 793, 800 (3d Cir. 1990) (noting that federal courts normally will not hear an ERISA claim until the plaintiff has exhausted all remedies available under the plan). Stafford's position defies all logic. If this Court adopted Stafford's theory, there would never be repose for an employer that procedurally allows for the reopening of a case. A decade-old finding of non-disability could then be judicially challenged simply by a plaintiff seeking to reopen the administrative process. Allowing this would in turn create incentives for an employer not to allow any reopening of the administrative process, lest it face a perpetual risk of litigation. See generally Martin v. Constr. Laborer's Pension Trust, 947 F.2d 1381, 1386-87 (9th Cir. 1991) (noting that tolling the statute of limitations under similar circumstances penalizes employers for giving employees' cases further consideration).

ERISA does not demand that an employer allow for reopening of closed cases. In providing such a procedure, Du Pont acts benevolently, and we do not intend to discourage such benevolence. Stafford's original claim accrued when the Board denied his appeal in December 1994. Du Pont's unwillingness to reexamine Stafford's case in the event of new medical information in support of his claim has no effect on the

applicable statute of limitations.  The statute of limitations began running in December
1994, when the Board rejected Stafford's appeal.

Stafford cites Doe v. Blue Cross & Blue Shield United, 112 F.3d 869 (7th Cir.
1997), as support for tolling the statute of limitations.  The citation is inapposite.  Doe
involved a defendant who asked the plaintiff to delay filing a suit in order to continue
negotiations.  Id. at 876-77.  Nothing like that occurred here.  Du Pont merely
encouraged Stafford to submit additional information beneficial to his claim, and
informed him that his claim would be reevaluated if new information came to light.  Du
Pont did nothing expressly or implicitly to discourage Stafford from timely seeking
judicial redress.  Doe is therefore unavailing to Stafford.

Finally, Stafford cites Epright v. Envtl. Res. Mgmt., Inc. Health & Welfare Plan,
81 F.3d 335 (3d Cir. 1996), for the proposition that when a letter denying benefits does
not explain the proper steps for pursuing review of the denial, the plan's time bar for
review is not triggered.  Id. at 342.  Of course, if the plan's time bar is not triggered,
administrative review is not exhausted and the statute of limitations does not begin to
run.  Weldon, 896 F.2d at 800.  Here, however, Du Pont provided Stafford all necessary
information.  In the October 13, 1994, letter informing Stafford of the denial of his claim,
Du Pont also advised him of his right to appeal to the Board, the proper procedure for
taking such an appeal, and informed him that to successfully appeal, he had to submit
additional objective medical evidence.  Du Pont explained to Stafford the proper steps
for reviewing its denial of Stafford's application, and thus Epright is of no benefit to
him.

Stafford also argues that a three-year statute of limitations is applicable to his
claim, rather than the one-year statute applied by the District Court.  This case is on all
fours with Syed v. Hercules Inc, 214 F.3d 155 (3d Cir. 2000), which held that
Delaware's one-year statute is applicable under these circumstances.  Assuming
arguendo that the three-year statute is applicable, Stafford's suit is still untimely.
Stafford's claim accrued in December 1994.  Stafford filed suit on February 23, 1998,

more than three years later.  Thus, under either statute of limitations, Stafford's efforts to
reopen his 1994 claim is barred.

                                III.

     In summary, Stafford's February 1998 suit was untimely and the District Court
committed no error in granting summary judgment in favor of Du Pont. Accordingly, the
District Court's judgment is affirmed.  Each side to bear its own costs.

TO THE CLERK:

Please file the foregoing opinion.

                              /S/ Max Rosenn
                    Circuit Judge