Eleanor **BUSSBERG**, et al., Plaintiff,

v.

**FEDERAL RETIREMENT THRIFT INVESTMENT BOARD,** et al., Defendants.

**Case No. 1:12–cv–649.**

United States District Court, S.D. Ohio, Western Division.

July 16, 2013.

**718**

Scott A. Crisler, Crisler Law Office, Newport, KY, for Plaintiff.

Donetta Donaldson Wiethe, U.S. Department of Justice, Cincinnati, OH, Dennis Allen Becker, Becker & Cade, Loveland, OH, for Defendants.

### ORDER

SANDRA S. BECKWITH, Senior District Judge.

This matter is before the Court on the motion to dismiss filed by the Federal Retirement Thrift Investment Board, the United States Postal Services, and the Thrift Savings Plan. Doc. No. 12. The stay entered by the Court on March 4, 2013 (Doc. No. 20) is **LIFTED.** For the reasons that follow, Defendants' motion to dismiss is well-taken and is **GRANTED.** Plaintiffs' motion for an extension of time to complete discovery (Doc. No. 18) is **MOOT.**

The facts alleged in this case are not complicated. Brandon Bussberg was an employee of the U.S. Postal Service. He enrolled in the federal employees' Thrift Savings Plan ("TSP"), a retirement plan similar to a 401(k) plan. In 2001, Bussberg completed and submitted a Form TSP–3 designating his parents, Cathy Jane Bussberg and Robert Lee Bussberg, as the beneficiaries of his TSP account. In 2008, Bussberg and Plaintiff Eleanor Bussberg were married. They later had a son, B.M.B., who is also a plaintiff in this lawsuit. Bussberg died in April 2012. Despite getting married and having a child, Bussberg never submitted a new TSP–3 to change the beneficiaries of his retirement funds. Thus, the Federal Retirement Thrift Investment Board ("the Board"), the federal agency that administrates the TSP, denied Plaintiffs' claim for Bussberg's TSP benefits because the designated beneficiaries on file were his parents.

Plaintiffs filed the instant lawsuit against the Board, the Postal Service, the TSP, and Bussberg's parents seeking an order designating them the proper beneficiaries of Bussberg's TSP funds and compelling payment of those funds to them under a number of different theories. Plaintiffs contend that the federal regulations governing TSP beneficiary designations are arbitrary and capricious and violate Plaintiffs' right to inheritance under Ohio law and the federal Employee Retirement Income Security Act ("ERISA"). Plaintiffs memorandum also argues that

the governing TSP statutes and regulations violate the Equal Protection Clause because the government treats the spouses of federal employees differently from the spouses other employees in ERISA retirement plans with respect to descent and inheritance of plan benefits.

Because the parties submitted materials outside of the pleadings in support of and in opposition to Defendants' motion to dismiss, the Court, after giving notice, converted the motion to dismiss to a motion for summary judgment (Doc. No. 17).

■ The Court then stayed the case pending the U.S. Supreme Court's disposition of *Hillman v. Maretta.* In *Hillman,* the Court considered whether the beneficiary designation provisions of the Federal Employees Group Life Insurance Act of 1954 ("FEGLIA") preempt a Virginia state law which makes a former spouse liable for insurance proceeds to whoever would have received them under the applicable state law, usually a widow or widower, but for the beneficiary designation. The facts in *Hillman* are indistinguishable from this case. The decedent was a FEGLIA participant who designated his first wife, Maretta, as the beneficiary of his insurance proceeds. They later divorced and the decedent married Hillman. The decedent, however, never changed his FEGLIA beneficiary designation; thus, when he died, the plan administrator paid Maretta the insurance proceeds. Hillman sued Maretta under a Virginia state law which, but for the FEGLIA beneficiary designation statute, would have allowed her to recoup the insurance proceeds from Maretta. *See Hillman v. Maretta,* — U.S. —, 133 S.Ct. 1943, 1949, 186 L.Ed.2d 43 (2013). The Supreme Court concluded that FEGLIA preempts the state law because it would produce a result contrary to Congress's intention that the named beneficia-

ry should be paid the insurance proceeds. *See id.* at 1951–54.

The FEGLIA order of precedence statute is substantially identical to the TSP order of precedence statute. *Compare* 5 U.S.C. § 8705(a) (FEGLIA) *with* 5 U.S.C. § 8424(d) (TSP). During a status conference with the Court held on July 9, 2013, the parties agreed that *Hillman* is dispositive of Plaintiffs' claim to recover Brandon Bussberg's TSP proceeds pursuant to Ohio law. In other words, the parties agree that Plaintiffs' state law claim is pre-empted by the Federal Employees Retirement System Act of 1986 ("FERSA") and its implementing regulations. Accordingly, Defendants' motion for summary judgment on Plaintiffs' state law claim is well-taken and is **GRANTED.**

■ The parties also agreed that Plaintiffs waived any challenge to the validity of the FERSA implementing regulations by not raising any objections during the notice and comment period. *Michigan Dept. of Env. Quality v. Browner,* 230 F.3d 181, 183 n. 1 (6th Cir.2000). To the extent, therefore, that Plaintiffs allege that FERSA's implementing regulations are invalid because they are arbitrary and capricious, Defendants' motion for summary judgment is well-taken and is **GRANTED.**

To the extent Plaintiffs allege that the TSP order of precedence statute violates ERISA, Defendants' motion for summary judgment is well-taken because the TSP is governed by FERSA not ERISA.

■ That leaves for disposition Plaintiffs' claim that FERSA violates the Equal Protection Clause by treating TSP beneficiaries worse than ERISA beneficiaries. This claim is premised on the fact that ERISA requires the plan participant's spouse to consent when the participant wishes to designate a person other than the participant's spouse as the beneficiary

of his or her plan benefits whereas FER-SA does not have this requirement. Plaintiffs' equal protection claim does not involve a suspect class or a fundamental right. Therefore, in order to prevail on this claim, they must prove that the TSP order of precedence statute has no rational basis and is in fact irrational. *Dillinger v. Schweiker*, 762 F.2d 506, 507 (6th Cir. 1985). Under rational basis scrutiny, the plaintiff bears the heavy burden of negating every conceivable basis which might support the government's action or show that the challenged action was motivated by animus or ill-will. *Johnson v. Bredesen*, 624 F.3d 742, 747 (6th Cir.2010).

Plaintiffs have not met their heavy burden of showing that the TSP order of precedence statute is irrational. In *Hillman*, the Court pointed out that the order of precedence statute establishes "a clear and predictable procedure for an employee to indicate who the intended beneficiary of his life insurance shall be." 133 S.Ct. at 1952. The opinion also suggests that the order of precedence statute serves the purpose of administrative convenience by establishing a clear rule to dictate where insurance proceeds should be directed. *Id.* at 1950. These are clearly rational and legitimate reasons supporting the TSP order of precedence statute. In a retirement plan with literally millions of participants, Congress could have rationally believed that the efficient administration of the TSP was more important than protecting the inheritance or dower rights of participants' spouses. Moreover, it would not have been irrational for Congress to have concluded that private sector employers subject to ERISA, whose retirement plans presumably do not involve anywhere near as many participants as the TSP, would be able to effectively and efficiently manage a spousal consent requirement for non-spouse beneficiary designations. Thus,

the TSP order of precedence statute easily passes rational basis scrutiny.

Accordingly, Defendants' motion for summary judgment on Plaintiffs' equal protection claim is well-taken and is **GRANTED.**

### Conclusion

In summary, the federal Defendants' motion for summary judgment is well-taken and is **GRANTED.** The complaint as to the federal Defendants is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**