**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1815
_____

ALTERNA TIMEPEACE; TONYA BROWN,
Appellants

v.

COMMISSIONER SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:24-cv-00100)
District Judge:  Honorable Mark R. Hornak
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 17, 2025

Before: KRAUSE, PHIPPS, and ROTH, Circuit Judges

(February 27, 2026)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se Appellants Alterna Timepiece and Tonya Brown appeal from District Court orders granting summary judgment to Appellee Commissioner of the Social Security Administration ("Commissioner") and dismissing Brown as a party to the complaint. For the following reasons, we will affirm the District Court's judgment.

I.

Timepeace was originally granted disability benefits in 2015. In 2018, after the Commissioner performed a continuing disability review, Timepeace was notified that her benefits would cease because the Commissioner lacked sufficient information to determine whether her disability was ongoing. Timepeace requested reconsideration of that determination with a Disability Hearing Officer. When she failed to both appear for her scheduled September 2019 hearing and to provide updated medical information, the Hearing Officer issued an order determining that her disability had ceased as of the conclusion of her continuing disability review. Timepeace appointed her mother, Brown, as a non-attorney representative, and requested a hearing with an Administrative Law Judge ("ALJ"), alleging that the hearing officer's determination was incorrect.

The first two hearings scheduled for June 15, 2021 and September 19, 2022 were postponed at Timepeace's request. The Social Security Administration ("SSA") then scheduled a third hearing via video for May 1, 2023, with an initial Notice of Hearing

mailed on February 9, 2023, and a reminder notice sent on April 3, 2023.[1]  Both notices

indicated that if neither Timepeace nor Brown attended the hearing, the ALJ could

dismiss the request for a hearing without further notice unless they provided good cause

for not attending.  A week before the May 2023 hearing, Brown again contacted the SSA

and requested a postponement because of Timepeace's "illness and an evaluation that

ha[d] yet to be completed."  The SSA denied the third postponement, noting that no

evidence had been submitted into the record since the last postponement had been

granted for illness, and left a message with Brown regarding the denial.  In response,

Brown faxed medical records covering the period of January through October 2022.  Also

in evidence was a record of discharge from January 2022.

Neither Timepeace nor Brown attended the May 1, 2023 hearing.  The ALJ mailed

notices requiring medical documentation "to support just cause" for missing the hearing,

such as "discharge papers, inpatient documentation, and a doctor's notes specific to the

hearing days missed."  In response, Brown sent a fax stating that Timepeace had changed

her legal name in late 2022, that no notice or hearing had been set under her legal name,[2]

---

[1]  The notices were mailed to both Timepeace and Brown.  The notice of hearing
reminder addressed to Brown was returned as undeliverable, but the notice mailed to
Timepeace's address was not.

[2]  All notices had been addressed to Tiera Brown, Timepeace's legal name prior to her
name change in late 2022.

and that Timepeace had received a new diagnosis in January 2022 for which she had received "various treatments and counseling" over the past year.

The ALJ found that Timepeace had failed to show good cause for missing the hearing as she had failed to submit evidence supporting her assertions of illness apart from a "one-page discharge document from January 2022" which was fifteen months prior to the May 1, 2023 hearing. The ALJ thus dismissed Timepeace's request for a hearing. Timepeace appealed to the Appeals Council, which denied her request for review of the ALJ's decision.

Timepeace and Brown then filed a civil action in the District Court, seeking review of the ALJ's order of dismissal. Both sides moved for summary judgment. The District Court dismissed Brown from the case for lack of standing, finding that as her adult daughter's SSA non-attorney representative, Brown had not been a party to the administrative action. It then found that the ALJ had not abused her discretion in dismissing the request for a hearing and granted the Commissioner's motion for summary judgment while denying Timepeace's. Timepeace and Brown appealed.[3]

---

[3] As part of their appeal, Appellants argue that the District Court erred in ruling that Brown, as Timepeace's "SSA Representative, Medical and Financial POA could not bring a lawsuit on her behalf." However, "we have consistently refused to consider ill-developed arguments." Barna v. Bd. of Sch. Dirs. Of Panther Valley Sch. Dist., 877 F.3d 136, 145-46 (3d Cir. 2017). Because Appellants' brief does not develop the argument beyond this single conclusory statement, see Doeblers' Pa. Hybrids, Inc. v. Doebler, 442 F.3d 812, 821 n.10 (3d Cir. 2006), Appellants have forfeited this claim.

## II.

We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g).[4]  We review the ALJ's decision for an "abuse of discretion as to the overall conclusion, and substantial evidence as to any fact."  Smith v. Berryhill, 587 U.S. 471, 478 n.19 (2019) (cleaned up).

## III.

An ALJ may dismiss a request for a hearing regarding a disability determination if neither the individual nor the individual's representative appears for the hearing and, when asked the reason for not appearing by the ALJ, fails to demonstrate good cause. See 20 U.S.C. § 404.957(b)(1)(ii).  On appeal, Timepeace asserts that the ALJ abused her discretion by dismissing the request because she had not been served with proper notice. However, contrary to Timepeace's assertions, the record provides substantial evidence that she had actual notice sufficiently in advance of the May 1, 2023 hearing date. Specifically, the record shows that the SSA mailed the Notice of Hearing for the May 1, 2023 hearing on February 9, 2023, 81 days in advance.  Moreover, Timepeace does not explain how, if she had never been served with the notice of hearing or the reminder notice, Brown was able to request a postponement of the hearing.[5]

---

[4]  We will not consider the question of exhaustion because the Commissioner has waived it in his brief.  Smith v. Berryhill, 587 U.S. 471, 478 n.19 (2019) (cleaned up).

[5]  Timepeace's argument regarding the notices' being addressed to her prior name is also unavailing as the provision of the Hearings, Appeals and Litigation Law Manual

The record also provides substantial evidence that Timepeace knew that the ALJ could dismiss her request for failure to attend without good cause shown. Specifically, a warning was provided on both the Notice of Hearing and the reminder notice. The warning was reiterated to Brown in the message denying a third postponement. After the scheduled hearing, the ALJ also mailed notice to Timepeace specifically requesting her to show cause for her failure to appear in the form of medical documentation, with the same warning provided. Timepeace then failed to provide the requested information or otherwise provide any date-specific documentation showing why neither she nor Brown had appeared for the hearing. The ALJ therefore acted within her discretion by dismissing Timepeace's hearing request.

Timepeace further argues that the ALJ abused her discretion by entering the dismissal order without "fully investigating [her] diagnosis." Such an investigation would have taken place if the hearing had proceeded before the ALJ as scheduled. See 20 U.S.C. §§ 404.946 (noting the issues properly before an ALJ); 404.950 (listing evidence that can be presented in a hearing before an ALJ). However, neither Timepeace nor Brown appeared for the scheduled hearing. As we noted above, the ALJ acted within her discretion in dismissing Timepeace's hearing request for failure to show good cause.

---

requiring that a hearing notice be in the individual's "proper name" does not "have the force of law." Edelman v. Comm'r Soc. Sec., 83 F.3d 68, 71 n.2 (3d Cir. 1996).

The ALJ therefore, did not abuse her discretion by declining to undertake an investigation of the merits of Timepeace's claims.[6]

For the foregoing reasons, we will affirm the District Court's judgment.[7]

---

[6] Timepeace also asserts that the ALJ abused her discretion by "supporting [the] findings" of the 2019 determination, where Timepeace had not received 75 days' notice. However, the ALJ's order of dismissal simply noted that, as a result of its dismissal order, that determination remained in effect.

[7] We grant Appellants' motion to file their reply brief and requested exhibits under seal because it contains protected health information.