William R. FERGUSON, Plaintiff,

v.

**GREYHOUND RETIREMENT AND DIS-ABILITY TRUST, Trustee of the Greyhound Lines, Inc., Welfare Fund for Local 1063 of the Amalgamated Transit Union, Defendant.**

**Civ. A. No. 84–1576.**

United States District Court,
W.D. Pennsylvania.

July 18, 1985.

Vincent Szeligo, Pittsburgh, Pa., for plaintiff.

Joseph J. Pass, Jr., Pittsburgh, Pa., for defendant.

## OPINION

GERALD J. WEBER, District Judge.

This is an action brought under Employee Retirement Income Security Act, (ERISA) 29 U.S.C. § 1132, for recovery of benefits claimed by plaintiff under the terms of the Greyhound Retirement and Disability Trust. It is presently before the court on defendant's motion for summary judgment.

Defendant first argues that plaintiff's claim must be dismissed because it is barred by the applicable statute of limitations. Since Chapter 5 of ERISA, 29 U.S.C. § 1132, does not prescribe a limitations period for the bringing of civil actions to recover benefits, defendant argues that this court should apply either the six month limit of *Delcostello v. Teamsters*, 462 U.S. 151, 172, 103 S.Ct. 2281, 2294, 76 L.Ed.2d 476 (1983), or the thirty day state statute of limitations governing appeals from arbitrator's awards.

Plaintiff contends that neither of these are the applicable statutory period since *Delcostello* was a suit for wrongful discharge while this suit solely involves pension rights under ERISA, and the most closely analogous state statute is either the 4 or 6 year limit for contract actions under 42 Pa.C.S.A. § 5525(2) or (8). Alternatively, plaintiff indicates that the court could apply the 3 year limit under Pennsylvania's Wage Payment and Collection Law, 43 P.S. § 260.1 *et seq.*, or the three to six year period applicable for ERISA actions for breach of fiduciary duty, 29 U.S.C. § 1113.

Characterization of the nature of the claim is key to the selection of an analogous limitations period and is a matter of federal law. *International Union, UAW v. Hoosier Cardinal Corporation*, 383 U.S. 696, 706, 86 S.Ct. 1107, 1113, 16 L.Ed.2d 192 (1966).

■ This is an action for recovery of benefits due under the terms of an employee pension benefit plan. Complaint at p. 1. The plan in question is in written form and is attached to defendant's motion for summary judgment. The procedure under the plan for submission of a benefit and for the appeal of the denial of that claim are not analogous to a labor-management arbitration proceeding. Neither does this complaint challenge the terms of the collective bargaining agreement, or assert wrongful discharge or breach of a duty of fair representation. As such, the claim is not anal-. ogous to an arbitration proceeding or a labor law claim and is distinguishable from *Delcostello*. We believe that the claim is most analogous to contract law. *See Jenkins v. Teamsters*, 713 F.2d 247, 252 (7th Cir.1983); *Livolsi v. City of New Castle, Pa.*, 501 F.Supp. 1146 (W.D.Pa.1980). Under Pennsylvania statute of limitations pertaining to contract law, the claims filed 9 months after the statute began to run, were timely.

■ Defendant next argues that the Trustees' decision denying plaintiff disability benefits was not arbitrary and capricious as a matter of law. Under Section 4 of the disability plan, the Trustees have broad powers to make and enforce rules and regulations for the administration of the Plan and to determine questions of coverage and eligibility for plan benefits. A court's scope of review of decisions in these matters by the Trustees is limited to a determination of whether that decision was arbitrary and capricious. *Struble v. New Jersey Brewery Employees Welfare Trust Fund*, 732 F.2d 325, 333 (3d Cir. 1984); *Bowman Transportation Inc. v. Arkansas Best Freight System, Inc. et al*, 419 U.S. 281, 95 S.Ct. 438, 42 L.Ed.2d 447 (1974). In this case, the trustees had a medical report from Dr. Zernich, whom defendant contends was a neutral mutually agreed-upon medical arbitrator, which report indicated that plaintiff could return to work. Defendant insists that the Trustees' reliance on that report in denying plaintiff's benefits cannot be said to have been arbitrary or capricious.

■ Plaintiff acknowledges the broad powers of the trustees and this court's limited scope of review, but contends nonetheless that the trustees' decision was arbitrary and capricious. In support of this argument, plaintiff argues that Dr. Zernich's finding is only one factor to be considered by the trustees, and that all other evidence supports a finding of disability and this evidence was disregarded by the trustees. Plaintiff indicates that:

1) he is currently under the care of two doctors, both of whom have advised him that he is physically unable to work at any occupation (Ferguson Affidavit, ¶ 1).

2) on July 29, 1982, an impartial Administrative Law Judge found plaintiff to be disabled as of May 11, 1981 as defined by the Social Security Act which contains a stricter standard of disability than that contained in the plan in question;

3) the Pennsylvania Workers' Compensation Bureau found plaintiff to be disabled after a hearing on April 21, 1983 where Dr. Zernich's findings were

subject to cross-examination (Ferguson Affidavit, ¶ 6);

4) the medical examination performed by Dr. Zernich in August, 1982, was conducted in an incomplete and perfunctory manner (Ferguson Affidavit, ¶ 5);

5) neither plaintiff nor Joseph O'Shea of the local union agreed to Dr. Zernich serving as the medical arbitrator (Ferguson Affidavit at ¶ 3). Plaintiff believes that these issues raise at least a disputed issue of fact as to whether the trustees' decision was arbitrary.[1]

In determining whether the plaintiff has in fact raised a material issue of fact for trial as to the arbitrary nature of the trustees' decision, we must "consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment ...". *Bowman Transportation, Inc.*, 419 U.S. at 285, 95 S.Ct. at 442.

Plaintiff has no doubt established that given the same information about relevant factors, other administrative bodies (i.e. the Social Security Administration and Workmen's Compensation Board) using more stringent standards have decided differently. While this does not determine that the trustees' decision was clearly erroneous or irrational, it does present facts from which an inference could be drawn that the decision was not based on a consideration of the relevant factors. There is also a question of fact as to the nature of the medical arbitration proceedings. Plaintiff raises some question as to whether Dr. Zenich actually functioned as a medical arbitrator who made a decision based on the entire record, or whether he functioned as a physician providing an additional medical opinion to the trustees. Plaintiff has also shown by affidavit that, to his knowledge, cases such as his (i.e. cases involving similar injuries in which there is no conflicting medical information on application to the trustees for disability benefits) were not referred to arbitration under the collective bargaining agreement, raising an inference that his claim was handled in an inconsistent or arbitrary manner. For these reasons we conclude that plaintiff has raised genuine issues of material fact to be tried. Defendant's motion for summary judgment will be denied.

An appropriate order will issue.

---

1. Plaintiff advances a further argument that the burden of justifying the trustees' action is shifted to the trustees since plaintiff alleges that he can demonstrate that the trustees' denial of his request for benefits was facially inconsistent with prior plan practice. Plaintiff relies on *Fine v. Semet*, 514 F.Supp. 34 (D.C.Fla.1981), *aff'd* 699 F.2d 1091 (11th Cir.1983) as authority. We believe that this is an argument to be advanced at trial after proper demonstration of the facts alleged.