George W. McCRAY, Plaintiff,

v.

E.I. DuPONT de NEMOURS & CO., INC. and E.I. DuPont de Nemours & Co., Pension and Retirement Plan, Defendants.

No. 96–CV–190A.

United States District Court,
W.D. New York.

March 18, 1997.

David E. Levine, Niagara Falls, NY, for Plaintiff.

Mark J. Moretti, Phillips, Lytle, Hitchcock, Blaine & Huber, Buffalo, NY, for Defendants.

ORDER

ARCARA, District Judge.

The above-referenced case was referred to Magistrate Judge Carol E. Heckman pursuant to 28 U.S.C. § 636(b)(1)(B), on April 8, 1996. On February 18, 1 997, Magistrate Judge Heckman filed a Report and Recommendation, recommending that defendants' motion for summary judgment be denied.

The Court having carefully reviewed the Report and Recommendation, the record in this case, as well as the pleadings and materials submitted by the parties; and no objections having been timely filed, it is hereby

ORDERED, that pursuant to 28 U.S.C. § 636(b)(1), and for the reasons set forth in Magistrate Judge Heckman's Report and Recommendation, defendants' motion for summary judgment is denied.

IT IS SO ORDERED.

REPORT AND RECOMMENDATION
AND ORDER

HECKMAN, United States Magistrate Judge.

This matter was referred to the undersigned by the Hon. Richard J. Arcara, to hear and report, in accordance with 28 U.S.C. § 636(b). Defendants have moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the following reasons, defendants' motion should be denied.

BACKGROUND

Plaintiff bought this action in New York State Supreme Court, Niagara County, on February 27, 1996. He alleges that defendants wrongfully denied him "incapability retirement" benefits in violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. On March 21, 1996, defendants removed the case to this court on the basis of original federal jurisdiction, pursuant to 28 U.S.C. § 1441.

The following facts are undisputed.[1] Plaintiff was born on December 15, 1944.

---

1. Defendants have not submitted a statement of material facts as to which it is contended there is no genuine issue to be tried, as required by Rule 56 of the Local Rules of Civil Procedure for the

He was employed at the Niagara Falls plant of defendant E.I. du Pont de Nemours ("du Pont"), with a service date of March 6, 1978. On February 28, 1994, while performing his duties as a shipping clerk and custodian at the .plant, he fell from a forklift and landed on his backside. He sustained injuries that kept him out of work until he was eventually terminated on January 19, 1995.

Plaintiff immediately applied for both "total and permanent disability" and "incapability retirement" benefits under the respective employee benefit plans. Section I of du Pont's "Total and Permanent Disability Income Plan" provides:

> The purpose of this Plan is to protect eligible employees against substantial loss of earnings in the event of total and permanent disability resulting from injury or disease by supplementing benefits payable under other Company and government-sponsored programs.

(Item 10, Ex. A). Section II(E) provides:

> An individual shall be considered to be "totally and permanently disabled" if the Board of Benefits and Pensions finds that he is totally disabled by injuries or disease and presumably will be totally and permanently prevented from pursuing any gainful occupation.

(*id.*). Section VIII(B) provides:

> The administration of this Plan is vested in the Board of Benefits and Pensions appointed by the Company. . . . The Board of Benefits and Pensions retains discretionary authority to determine eligibility for benefits hereunder and to construe the terms and conditions of the Plan. The decision of the Board in all matters involving the interpretation and application of this Plan shall be final.

(*id.*).

Section I of du Pont's "Pension and Retirement Plan" provides as follows:

> The purpose of this Plan is to provide for the retirement of employees and, under the conditions set forth below, to provide an employee who is retired or otherwise terminated with pension rights that take into account the length of his service and the pay he received during his employment with the Company.

(Item 13, Ex. 3). Section II provides:

> The administration of this Plan is vested in the Board of Benefits and Pensions appointed by the Executive Committee . . . The Board of Benefits and Pensions retains discretionary authority to determine eligibility for benefits hereunder and to construe the terms and conditions of the Plan. The decision of the Board in all matters involving the interpretation and application of the Plan shall be final. . . .

(*id.*). Section IV(C) provides for "Incapability Retirement," as follows:

> (1) Eligibility
>
> An employee may be retired by the Company if the Board of Benefits and Pensions finds that he has become, for any reason, permanently incapable of performing the duties of his position with the degree of efficiency required by the Company, and he has at least 1 5 years of service.
>
> (2) Amount of Pension
>
> The amount of monthly pension payable to an employee eligible for retirement under this paragraph will be determined in the same manner as a Normal Retirement pension (paragraph A(2) of this Section).
>
> (3) Incapability Supplement
>
> Such employee will also receive a supplement equal to the greater of (a) 50% of Primary Social Security Benefit . . ., or (b) $90 a month, such amount to be paid until the earliest date on which he becomes eligible for an old-age benefit or unless he is receiving a disability benefit under the Federal Social Security Act.

(*id.*).

By letter dated March 4, 1995, du Pont's Benefits Consultant Carol I. Killeen notified plaintiff that his application for incapability pension and total and permanent disability

---

Western District of New York. Plaintiff has not submitted an answering memorandum of law, as required by Local Rule 7.1(e).

**40**

income benefits was denied by the Board of Benefits and Pensions. Ms. Killeen advised plaintiff of the Board's determination that plaintiff was "not permanently incapable of performing the duties of available work with the degree of efficiency required by the Company, as noted in Section IV(C)(1) of the Pension and Retirement Plan ..." (Item, 13, Ex. 1). The letter went on to state that "[m]edical information considered in the determination indicated that you have back pain. However, the medical evidence submitted does not support a conclusion that you are permanently incapable of performing the duties of a Custodian with the degree of efficiency required by the Company" (*id.*).

Plaintiff appealed this determination to the Board. In a letter dated April 7, 1995, plaintiff's counsel outlined the medical evidence previously submitted to the Board, as well as additional evidence indicating that plaintiff's treating physician considered him to be "totally and permanently disabled from his previous occupation at Du Pont" (Item 10, Ex. B). Counsel also stated as follows:

[Plaintiff] has not been employed by you since January 20, 1995. I note that his original injury occurred on February 28, 1994 and, despite his serious problems, he attempted to return to work with you between March 3, 1994 and July 19, 1994, but simply could not perform the duties required of his occupation.

In light of the foregoing, it certainly appears that [plaintiff] has been unable, on a permanent basis, to perform the duties of *his position* with the Company. I note that, unfortunately, your wording of the eligibility requirement for incapability retirement in your letter of March 4, 1 995 does not quite jive with the actual [wording] of [Section IV(C)(1) ] of the pension plan.

(*id.*).

By letter dated June 5, 1995, Ms. Killeen notified plaintiff that his appeal had been denied, for the reasons previously given (*id.,* Ex. 2).

As noted above, plaintiff filed this action on February 27, 1996, challenging only the denial of his application for incapability pension benefits. Meanwhile, on January 5, 1996,

plaintiff had a hearing on his appeal of the denial of his August 17, 1994 application for Social Security disability insurance benefits. On January 18, 1996, Administrative Law Judge ("ALJ") Stanley A. Moskal, Jr. issued a determination that plaintiff was disabled within the meaning of the Social Security Act (Item 1 3, Ex. 5). ALJ Moskal found that plaintiff's complaints of pain and functional restrictions were credible and consistent with the medical evidence, and that the net effect of plaintiff's impairment was that he could not perform his past relevant work as a custodian at du Pont. According to the ALJ, considering plaintiff's residual functional capacity for substantially less than a full range of sedentary work, and his age, education and work experience, the Social Security regulations directed that plaintiff be found to be disabled—i.e., unable to engage in substantial gainful activity (*id.*).

Du Pont now moves for summary judgment in this case on the ground that, under the limited "arbitrary and capricious" standard for judicial review of a company's employee benefits determinations, its denial of plaintiff's application for incapability pension benefits should not be disturbed. In opposition to this motion, plaintiff contends that du Pont applied the wrong standard in making its determination of his eligibility for incapability pension benefits. According to plaintiff, it is apparent from the face of the documents in the record that du Pont applied the "totally and permanently prevented from pursuing any gainful occupation" standard of its disability plan, rather than the "permanently incapable of performing the duties of his position" standard of its pension plan, in determining whether plaintiff was eligible for an incapability pension.

### DISCUSSION

**I. Summary Judgment.**

Summary judgment is appropriate if the pleadings, discovery materials, and affidavits on file "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In reaching this determination, the court must assess whether

there are any material factual issues to be tried while resolving ambiguities and drawing reasonable inferences against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986); *Coach Leatherware Co., Inc. v. AnnTaylor, Inc.*, 933 F.2d 162, 166–67 (2d Cir.1991). "Entry of summary judgment indicates that no reasonable jury could return a verdict for the losing party." *Coach Leatherware, supra* at 167.

## II. Standard of Judicial Review of Plan Administrator's Decisions.

Decisions of plan administrators to grant or deny benefits under an ERISA-covered employee benefit plan which "gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan ...," *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 956–57, 103 L.Ed.2d 80 (1989), are reviewable by the federal court under an "arbitrary and capricious" standard. *Id.* at 111, 109 S.Ct. at 954–55; *Shelden v. Barre Belt Granite Employer Union Pension Fund*, 25 F.3d 74, 80 (2d Cir.1994). Under this standard, administrators' decisions are generally upheld unless the administrators have, for example, "impose[d] a standard not required by the plan's provisions, or interpret[ed] the plan in a manner inconsistent with its plain words." *Miles v. New York State Teamsters Conference*, 698 F.2d 593, 599 (2d Cir.), *cert. denied*, 464 U.S. 829, 104 S.Ct. 105, 78 L.Ed.2d 108 (1983).

It is not disputed that the arbitrary and capricious standard applies in this case. It is clear from the language of both the pension plan and the disability plan that the Board of Benefits and Pensions has discretionary authority to make eligibility determinations and to construe the terms and conditions of the plans. However, it is clear from the holdings in the Supreme Court and Second Circuit cases cited above that the discretion granted to the Board does not allow it to construe the plan in such a way as to impose a stricter standard than the one set forth in the plan, or to interpret a provision of the plan in a manner inconsistent with the plain meaning of its language.

Based on the record before the court, it is evident that the Board of Benefits and Pensions applied the standard for determining "total and permanent disability" to plaintiff's applications for both disability and pension benefits. The plain language of the standard for determining eligibility for an incapability pension requires a finding that the employee is "permanently incapable of performing the duties *of his position* with the degree of efficiency required by the Company." Instead, the notice of determination letter suggests that the Board considered whether plaintiff had become "permanently incapable of performing the duties *of available work* with the degree of efficiency required by the Company."

This ambiguity is accentuated by the affidavits submitted by defendants in support of this motion. For example, Steve Harrison, Chairman of the Board of Benefits and Pensions which reviewed plaintiff's applications, states that upon review of the medical evidence and consultation with the Board's medical advisor, the Board reached the unanimous conclusion that plaintiff was not "totally and permanently prevented from pursuing any gainful occupation" within the meaning of the standard set forth in du Pont's disability plan (Item 10, Harrison Aff., ¶ 2). Dr. Benjamin Ramirez, the Board's medical advisor, states that "[t]he Plan requires that a claimant provide satisfactory medical evidence that he is totally disabled in that he is totally prevented from pursuing any gainful occupation" (*id.*, Ramirez Aff., ¶ 15). Jerry Brenner, du Pont's corporate counsel, states that plaintiff's application was reviewed under the total disability standard (*id.*, ¶ 2). In a supplemental affidavit, Mr. Brenner states that plaintiff's incapability pension application and his total and permanent disability application were both considered by the Board, and that "[a]ll incapability pension applications automatically take into consideration eligibility for total and permanent disability" (Item 15, ¶ 2).

The clear inference to be drawn from these statements is that there is a genuine issue of material fact as to whether the Board considered both applications under the "total and permanent disability" standard. This dis-

crepancy, along with the evidence of plaintiff's disability determination under the Social Security Act,[2] precludes the court from ruling as a matter of law that defendants' denial of plaintiff's application for incapability pension was not arbitrary and capricious. Summary judgment in favor of defendants is therefore rot appropriate.

### CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment should be denied.

Counsel are directed to appear before the undersigned on Tuesday, March 11, 1997 at 2:00 p.m to discuss the status of the case.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance. *See, e.g., Paterson–Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.,* 840 F.2d 985 (1st Cir.1988).

*Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wesolek, et al. v. Canadair Ltd., et al.,* 838 F.2d 55 (2d Cir.1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." *Failure to comply with the provisions of Rule 72.3(a)(3). or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.*

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys-for the parties.

**SO ORDERED.**

DATED: Buffalo, New York

Feb. 18, 1997

---

**2.** While the Social Security Administration's determination of disability is not binding on the district court in its review under ERISA of a plan administrator's benefits determination, it may be considered. *See Pierce v. American Waterworks Co., Inc.,* 683 F.Supp. 996, 1000 (W.D.Pa.1988) (relying on Social Security Administration's determination of disability, among other things, to hold that administrator's denial of benefits was arbitrary and capricious); *Ferguson v. Greyhound Retirement & Disability Trust,* 613 F.Supp. 323 (D.C.Pa.1985) (relying on Social Security Administration's determination of disability, among other things, to deny defendant's motion for summary judgment).