

2000 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-31-2000

# Syed v. Hercules, Inc.

Precedential or Non-Precedential:

Docket 99-5472

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2000

Recommended Citation

"Syed v. Hercules, Inc." (2000). *2000 Decisions.* Paper 116.
http://digitalcommons.law.villanova.edu/thirdcircuit_2000/116

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2000 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed May 30, 2000

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 99-5472

SAJID L. SYED,
        Appellant

v.

HERCULES INC., a Delaware corporation; HERCULES
INCORPORATED INCOME PROTECTION PLAN, an
employee welfare benefit plan; HERCULES
INCORPORATED, Plan Administrator of Disability Plan

ON APPEAL FROM THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

(Dist. Court No. 96-62)
District Court Judge: Joseph J. Farnan, Jr., C.J.

Argued January 11, 2000

Before: BECKER, Chief Judge, and ALITO and BARRY,
Circuit Judges.

(Opinion Filed: May 30, 2000)

        John M. Stull, Esq. (Argued)
        1220 North Market St., Ste. 510
        P.O. Box 1947
        Wilmington, DE 19899

        Counsel for Appellant

          Kevin R. Shannon (Argued)
          Potter, Anderson & Corroon, LLP
          1313 N. Market St.
          P.O. Box 951
          Wilmington, DE 19899

          Counsel for Appellee

OPINION OF THE COURT

ALITO, Circuit Judge:

Sajid Syed ("Syed") injured his back in January 1992, while working as a chemical operator for Hercules, Inc. ("Hercules"). Syed brought this action under ERISA S 502(a)(1)(B), 29 U.S.C. S 1132(a)(1)(B), alleging that Hercules denied him disability benefits owed under the company's employee benefits plan. In addition to damages, Syed requested the imposition of sanctions against Hercules for failure to provide him with the plan document pursuant to a written request, as required by ERISA S 502(c), 29 U.S.C. S 1132(c). He also sought redress for Hercules's failure to give him adequate written notice of the reasons for the denial of his claim, as required by ERISA S 503, 29 U.S.C. S 1133. Syed appeals the District Court's grant of summary judgment in favor of Hercules on all counts. We affirm.

Hercules discharged Syed on March 4, 1992, effective March 31, 1992, as part of a reduction in force. Following his termination, Syed submitted a claim for long-term disability benefits under the Hercules Incorporated Income Protection Plan (the "Plan"). His claim was approved on June 18, 1993, and Syed began receiving benefits retroactive to April 1, 1992.

Benefits are payable under the Plan when a worker becomes totally disabled and remains disabled for six consecutive months.1 See App. at B21. Because Syed was

_____

1. This six-month period, known as the "elimination period," was apparently not imposed by Provident in Syed's case. He began receiving benefits less than three months after his workplace accident.

2

under 62 when he started receiving benefits, he was eligible to receive benefits for as long as he remained totally disabled, up to age 65. See id. at B22. The Plan provides two definitions of total disability, one that applies for the first 24 months after the "elimination period" and another that applies thereafter. The Plan states:

> During the elimination period, normally 6 months, and the first 24 months of benefit payments, you are considered totally disabled if you are not able to perform your job. You must not engage in any work for wages or profit during this time.

> After receiving 24 monthly payments, you are considered totally disabled for as long as you are not able to engage in any employment for wage or profit for which you are reasonably qualified by training, education, or experience.

App. at B24.

After paying benefits to Syed for almost two years, Provident Life and Accident Insurance Co. ("Provident"), the Claims Fiduciary under the Plan, asked Syed to undergo an independent medical evaluation in February 1994 to determine if he was totally disabled under the latter definition. Dr. Joson, who performed the examination in March 1994, reported that Syed could not do heavy work, but that he could do "sedentary to light" work. App. at A4. Because Syed would no longer qualify for benefits after the 24-month period lapsed, Provident notified Syed that his benefits would be terminated as of March 31, 1994. See id. at A6-7.

Syed appealed the decision to terminate his disability benefits to Provident's ERISA Committee, which upheld its previous decision. See App. at A19-20. Syed renewed his appeal to the ERISA Committee on July 27 and October 28, 1994, each time including updated medical reports. The ERISA Committee sent its final denial of benefits to Syed by letter dated November 9, 1994. On February 24, 1995, Syed requested a copy of the plan document that was effective as of the date he began receiving benefits. Hercules sent him a document entitled "Summary Plan Description" (SPD). App. at B15-32.

3

Syed filed suit on February 6, 1996 –– one year and eleven months after the initial denial of benefits on March 31, 1994, and one year and three months after thefinal letter from Provident dated November 9, 1994. Shortly thereafter, he filed a motion for summary judgment seeking recovery of benefits under ERISA S 502(a)(1)(B), sanctions under S 502(c) for failure to produce the Plan document in response to a written request, and a remedy underS 503 for failure to provide written notice of the reasons for termination of benefits. Hercules made a cross-motion for summary judgment, claiming that Syed owed money for overpayments made under the Plan.

The District Court denied Syed's motion. As the Plan gave the Claims Fiduciary the exclusive discretion to deny claims for benefits, the District Court reviewed Syed'sS 502(a)(1)(B) claim under the abuse of discretion standard in accordance with Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989); see also Abnathya v. Hoffman-La Roche, Inc., 2 F.3d 40, 45 (3d Cir. 1993). After reviewing the medical evidence, the District Court found that there was a genuine issue as to whether Provident acted arbitrarily and capriciously in terminating Syed's medical benefits. Nonetheless, after borrowing Delaware's one-year statute of limitations applicable to claims for "other benefits arising from . . . work, labor or personal services performed," 10 Del. C. S 8111, the Court granted summary judgment for Hercules on this claim.

Next, the Court dismissed Syed's S 502(c) claim. ERISA S 502(c) provides that an administrator must comply with a request for information by a plan participant and imposes personal liability for failure to do so. Syed contended that Hercules improperly sent him the SPD, rather than the Insurance Policy, see App. at B60, in response to his request. However, the Court held that the SPD was the operative plan document for the relevant time period and therefore granted summary judgment in favor of Hercules on this count. Likewise, the Court refused to remand Syed's case to the plan administrator for an out-of-time administrative appeal for the alleged violation of ERISA S 503, because Hercules's March 31 letter adequately set forth the reasons for denying Syed's benefits.

4

Syed makes four arguments on appeal. First, he contends that his ERISA claim for employee benefits should be governed by Delaware's three-year statute of limitations for contract actions, not the one-year statute for claims arising out of work, labor, or personal services performed. Second, he maintains that Hercules, as Plan Administrator, should be subject to sanctions for failing to provide proper disclosure as required by ERISA S 502(c). Third, Syed argues that Hercules violated ERISA S 503 both by failing to provide specific reasons for the denial of his claim and by neglecting to name any additional material or information that would have helped him perfect his claim. Finally, Syed asserts that the District Court should have exercised plenary review over the Claims Fiduciary's decision to deny his benefits, rather than reviewing for an abuse of discretion, as the Plan did not grant discretion to the Claims Fiduciary to make a disability determination. Because we hold that Delaware's one-year statute of limitations governs this action, we affirm the District Court's grant of summary judgment on Syed's S 502(a)(1)(B) claim without deciding whether Provident's decision to deny Syed's benefits was arbitrary and capricious. We likewise affirm the District Court's dismissal of Syed's claims under ERISA SS 502(c) and 503.

ERISA S 502(a)(1)(B): Statute of Limitations

The chief issue in this appeal concerns the statute of limitations that is applicable to Syed's claim for benefits under ERISA S 502(a)(1)(B).2 Unfortunately, ERISA does not provide a statute of limitations for suits brought under S 502(a)(1)(B) to recover benefits, and the new, general federal statute of limitations set out in 28 U.S.C.S 1658 does not apply in this situation.3 Under these circumstances, courts generally turn to the most analogous

_____

2. We exercise plenary review over the District Court's choice of the applicable statute of limitations. See Nelson v. County of Allegheny, 60 F.3d 1010, 1013 (3d Cir. 1995).

3. This provision, which prescribes a four-year limitations period, applies
only to claims arising under acts of Congress enacted after December 1, 1990. ERISA was enacted much earlier.

5

state statute of limitations. See DelCostello v. International Bhd. of Teamsters, 462 U.S. 151, 158–60 (1983). Although this Circuit has not decided which state statute of limitations is applicable to ERISA S 502(a)(1)(B),[4] every other circuit to address the issue has applied the statute of limitations for a state contract action. See Harrison v. Digital Health Plan, 183 F.3d 1235, 1239–40 (11th Cir. 1999); Daill v. Sheet Metal Workers' Local 73 Pension Fund, 100 F.3d 62, 65 (7th Cir. 1996); Adamson v. Armco, 44 F.3d 650, 652 (8th Cir. 1995); Hogan v. Kraft Foods, 969 F.2d 142, 145 (5th Cir. 1992); Meade v. Pension Appeals & Review Comm., 966 F.2d 190, 195 (6th Cir. 1992); Held v. Manufacturers Hanover Leasing Corp., 912 F.2d 1197, 1207 (10th Cir. 1990); Pierce County Hotel Employees & Restaurant Employees Health Trust v. Elks Lodge, 827 F.2d 1324, 1328 (9th Cir. 1987); Dameron v. Sinai Hosp., 815 F.2d 975, 981 (4th Cir. 1987). Because Delaware, in essence, has two statutes of limitation for contract disputes, however, we must determine which is more appropriate.

Delaware Code S 8106 establishes a three-year statute of limitations for general actions on a promise. See Goldman v. Braunstein's, Inc., 240 A.2d 577, 578 (Del. 1968). Section 8106 provides:

> No action to recover damages for trespass, no action to regain possession of personal chattels, . . . no action based on a promise, . . . shall be brought after the expiration of 3 years from the accruing of the cause of such action.

Del. Code Ann. tit. 10, S 8106 (emphasis added). Delaware also has a more specific statute of limitations covering employment disputes, S 8111, which provides:

> No action for recovery upon a claim of wages, salary, or overtime for work, labor or personal services

_____

4. We have previously suggested in dicta that the New Jersey state statute of limitations for a contract action would apply to claims under ERISA S 502(a)(1)(B), but we have never squarely decided the issue. See Connell v. Trustees of the Pension Fund of the Ironworkers Dist. Council of N. New Jersey, 118 F.3d 154, 156 n.4 (3d Cir. 1997).

> performed, . . . or for any other benefits arising from
> such work, labor or personal services performed . . .
> shall be brought after the expiration of one year from
> the accruing of the cause of action on which such
> action is based.

Del. Code Ann. tit. 10, S 8111 (emphasis added). In this
case, the District Court applied S 8111, relying on Mitchell
v. E.I. DuPont de Nemours & Co., 310 A.2d 641, 642 (Del.
1973).

In Mitchell, the Delaware Supreme Court applied S 8110
(now S 8111) to a claim challenging the denial of benefits
under a disability wage plan. See Mitchell, 310 A.2d at 642.
The Court reasoned that the plan at issue was a"benefit"
arising from work, labor, or services performed within the
meaning of the statute because eligibility for the plan
accrued from tenure on the job. See id. Although the
District Court in the present case mistakenly referred to
Mitchell as an ERISA case (Mitchell was decided in 1973 and
ERISA was not effective until 1974), the application of
S 8111's predecessor in the pre-ERISA context is strong
evidence of its close relationship to the ERISA claim that
Syed asserts. See also Sorenson v. Overland Corp., 142 F.
Supp. 354, 360 (D. Del. 1956) ("The one year statute has a
comprehensive sweep. It was intended to bar all claims
arising out of the employer-employee relationship. The Act
bars claims for `wages', `salary', and it likewise applies to
`overtime' and to any other `benefits' arising from the
corporate-officer employment relationship. The word
`benefits' is embracing and covers all advantages growing
out of the employment.").

The Eighth Circuit dealt with a similar issue in Adamson
v. Armco, 44 F.3d 650 (8th Cir. 1995). There, the Court had
to choose between Minnesota's six-year statute of
limitations governing general contract disputes and the
state's two-year statute of limitations for wage claims. The
Court reasoned that the wage-claim statute of limitations
was the most analogous to the appellant's S 502(a)(1)(b)
claim because Minnesota courts had uniformly applied that
statute broadly to cover all damages arising out of the
employment relationship. See Adamson, 44 F.3d at 652. In
support of its conclusion, the Court noted that pre-ERISA

case law in Minnesota had applied the two-year statute of limitations to cases of unpaid benefits. See id. (citing Kohout v. Shakopee Foundry Co., 162 N.W.2d 237 (Minn. 1968)).

Syed relies primarily on two cases to bolster his argument for application of S 8106: Rich v. Zeneca, Inc., 845 F. Supp. 162 (D. Del. 1994) and Shaw v. Aetna Life Insurance Co., 395 A.2d 384 (Del. Super. Ct. 1978). Rich held that S 8106 should apply to a claim under ERISA S 510, 29 U.S.C. S 1140, for wrongful termination based on a pension-defeating motive. See Rich, 845 F. Supp. at 166 (citing Goldman v. Braunstein, Inc., 240 A.2d 577 (Del. 1968)). The Rich Court chose S 8106 rather than S 8111 because the latter applies to claims for breach of a promise to pay something already earned, whereas the former applies to claims for breach of a promise to pay what would have been earned had employment continued. See id. Since Syed's disability benefits were already "earned" through his period of employment at Hercules, Rich does not support the argument that S 8106 should apply here.

In Shaw, the Delaware Superior Court refused to apply S 8111 where an employee brought an action under the employer's voluntary group accident insurance policy. Shaw, 395 A.2d at 385. The employee was injured in a workplace injury which resulted in his permanent and total disability. The employer argued that S 8111 should apply to the claim because coverage under the policy arose out of the employment relationship. See id. at 387 (relying on Mitchell). The Court dismissed defendant's argument summarily. See id. ("That contention of the defendant is without merit."). Instead, the Court applied Delaware's two-year statute of limitations for personal injury claims. Del. Code S 8119. It is not immediately clear how Shaw is distinguishable from Syed's case, and Hercules has not pointed out any meaningful distinction. Nonetheless, because the Shaw Court failed to explain whyS 8111 should not apply, we find Mitchell to be more persuasive.

Although Syed's S 502(a)(1)(B) claim comes within Delaware's more specific statute of limitations for claims arising out of the employer-employee relationship, that does not conclusively resolve the issue. After all, the selection of

8

an appropriate statute of limitations is a question of federal law. See United Auto Workers v. Hoosier, 383 U.S. 696, 706 (1966).

Generally, we presume that Congress intended courts to apply the most closely analogous state statute of limitations. See DelCostello, 462 U.S. at 158. This principle rests on the assumption that "Congress would likely intend that courts follow their previous practice of borrowing state statutes." Id. at 158-59 n.12. We remain mindful of the Supreme Court's warning not to apply state statutes of limitation mechanically since "[s]tate legislatures do not devise their limitations periods with national interests in mind, and it is the duty of the federal courts to assure that the importation of state law will not frustrate or interfere with the implementation of national policies." Occidental Life Ins. Co. v. EEOC, 432 U.S. 355, 367 (1977). Nonetheless, there is no reason to reject the state statute unless we find it "inconsistent with national labor policy." Auto Workers, 383 U.S. at 706.

In this case, we recognize that the one-year statute of limitations of S 8111 is short, but we cannot say that it is inconsistent with the policy of ERISA. We therefore agree with the District Court that Syed's claim was governed by S 8111 and was thus barred.

We are not persuaded by the arguments advanced by the dissent in support of its position that Syed's claim for disability benefits is more analogous to an ordinary contract claim, subject to S 8106, than to a claim for "other benefits arising from . . . work, labor or personal services," subject to S 8111. Noting that the Mitchell court described the plan at issue there as providing a "fringe benefit," the dissent argues that "Syed's claim . . . has little or nothing to do with work or services performed or fringe benefits . . . .," Dissent at 15, but this is simply not true. First, Syed's claim was squarely based on his prior employment. In order to qualify under the long term disability plan, he had to be "a regular, full-time non-represented employee of the Company . . . ." Appendix to Answering Brief at B20 (Summary Plan Desciption). Second, ERISA benefits are often termed "fringe benefits." See, e.g., Bricklayers and Allied Craftsmen Int'l Union Local 33 Benefit Funds v.

9

America's Marble Source, Inc., 950 F.2d 114, 118 (3d Cir. 1991).5 We are inclined to agree with the dissent that the one-year limitations period of S 8111 is not optimal, and we also believe that a uniform, national statute of limitations for claims such as Syed's would be beneficial. But forced to identify the most analogous Delaware statute of limitations, we agree with the District Court that S 8111 is the best fit.6

ERISA S 502(c)

Syed urges the Court to impose sanctions on Hercules for failing to provide the Plan document pursuant to a written request. ERISA S 502(c) provides that a plan administrator must comply with a request for information from a plan participant within 30 days or face personal liability, at the Court's discretion, of $100 a day from the date of the refusal. 29 U.S.C. S 1132(c). The District Court did not abuse its discretion in refusing to order sanctions against Hercules, and we affirm the grant of summary judgment on this issue.

Hercules sent Syed the SPD on March 22, 1995, in response to his February 24, 1995, written request for "a complete copy of LTD Plan document effective as of March 4, 1992." App. at A28. Syed contends that a different document was in effect at the time he was injured and at the time his benefits were denied. Specifically, he points to

_____

5. We also note that Delaware's Wage Payment and Collection Act (WPCA), Del. Code Ann. tit. 19, SS 1101–1115, defines "benefits" as "compensation for employment other than wages, including, but not limited to, reimbursement for expenses, health, welfare or retirement benefits . . . ." Del. Code Ann. tit. 19, S 1109(b). Although the WPCA does
not provide a statutory remedy for the denial of benefits, its definition quite clearly encompasses the disability benefits Syed has sued to recover here.

6. In view of the dissent's reference (Dissent footnote 3) to the Pennsylvania Wage Payment and Collection Law, 43 P.S. S 260.1 et seq., which has a three-year statute, see 43 Pa. Cons. Stat. Ann. S 260.9a(g), we wish to make it clear that we express no view regarding the statute of limitations that would apply if a claim such as Syed's were brought in Pennsylvania. We note, however, that we have held that some ERISA claims are governed by the WCPL's statute of limitations and others are not. See Gluck v. Unisys Corp., 960 F.2d 1168, 1180–81 (3d Cir. 1992).

10

the insurance policy used to fund Hercules's long-term disability plan (LTD). App. at B35-72.

A comparison of the SPD and LTD reveals no material differences between the two documents. Syed complains that he was not able to verify "whether the definition of disability is based on official plan language, SPD language, or some internal policy, written or unwritten." Appellant's Br. at 20. This argument lacks merit. For example, the March 31, 1994, letter denying Syed's benefits, see App. at A6, quotes the definition of total disability found at page 8 of the SPD, see App. at B24. This definition is exactly the same as the definition of total disability found on page 3 of the LTD, see App. at B43, thus belying Syed's assertion that the two-tier definition of disability did not exist in the SPD, see Appellant's Br. at 22. The affidavit of Douglas Hill, Director of Employee Benefits for Hercules, makes clear that the document Hercules allegedly refused to send to Syed pursuant to his March 1995 request was, in fact, not executed until October 1995 (although it was effective retroactively to July 1990). Because the SPD and the LTD are identical in all respects material to this dispute, the District Court properly refused to impose sanctions against Hercules under ERISA S 502(c), 29 U.S.C. S 1132(c).

ERISA S 503

ERISA S 503 provides, in pertinent part, that every employee benefit plan shall:

> provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant.

29 U.S.C. S 1133(1). Pursuant to this section, the Secretary of Labor has established that written notice of denial of a claim must:

> provide to every claimant who has been denied a claim for benefits written notice setting forth in a manner calculated to be understood by the claimant:
>
> (1) The specific reason or reasons for the denia l;

11

(2) Specific reference to pertinent plan provisions on which the denial is based;

(3) A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary; and

(4) Appropriate information as to the steps to be taken if the participant or beneficiary wishes to submit his or her claim for review.

29 C.F.R. S 2560.503-1(f).

We have previously held that S 503 sets forth only the disclosure obligations of "the Plan" and that it does not establish that those obligations are enforceable through the sanctions of S 502(c). See Groves v. Modified Retirement Plan, 803 F.2d 109, 118 (3d Cir. 1986). Where a termination letter does not comply with the statutory and regulatory requirements, the time limits for bringing an administrative appeal are not enforced against the claimant. See Epright v. Environmental Resources Management, Inc. Health and Welfare Plan, 81 F.3d 335, 342 (3d Cir. 1996). Thus, the remedy for a violation of S 503 is to remand to the plan administrator so the claimant gets the benefit of a full and fair review. See Weaver v. Phoenix Home Life Mut. Ins. Co., 990 F.2d 154, 159 (4th Cir. 1993).

The March 31, 1994, letter from Provident to Syed began with a quotation from the Plan's definition of total disability. See App. at A6. Next, the letter explained that Syed's benefits were being terminated because the results of Dr. Joson's independent medical evaluation demonstrated that Syed was no longer totally disabled as the term was defined in the Plan. See App. at A6-7. The letter went on to identify several jobs for which Syed would be qualified given his present physical condition. See App. at A7. Provident stated that Syed could submit a request for reconsideration of the decision, accompanied by documents from Syed's physician. See id. Lastly, the letter noted that any information to be considered in connection with an appeal would have to be received within 60 days of Syed's receipt of the letter. See id. In short, Provident fully complied with the statutory and regulatory requirements for

notice under ERISA S 503, and Syed has not raised any genuine issue of material fact to the contrary. Accordingly, we affirm the District Court's grant of summary judgment as to Syed's claim under ERISA S 503, 29 U.S.C. S 1133.

BARRY, Circuit Judge, concurring and dissenting.

While I agree with much of the majority's opinion, I cannot agree with the conclusion that the most analogous state statute of limitations for a S 502(a)(1)(B) claim is found in Delaware's S 8111. It is on that issue, and that issue alone, that I dissent.

First, it is clear, as the majority notes, that every circuit which has addressed this issue has applied the statute of limitations for a state contract action as most analogous to an ERISA claim for the denial of benefits. As the majority also notes, we, too, have suggested, albeit in dicta, that the state statute of limitations for a contract action would apply to claims under S 502(a)(1)(B). See Connell v. Trustees of the Pension Fund of the Ironworkers Dist. Council of Northern New Jersey, 118 F.3d 154, 156 n.4 (3d Cir. 1997). Moreover, district courts too numerous to mention have also concluded that a state contract statute of limitations is most analogous to a S 502(a)(1)(B) claim. This is, indeed, a resounding chorus.

The rub here, however, is this. The majority concludes that "Delaware, in essence, has two statutes of limitations for contract disputes," specifically S 8106 and S 8111, and one, of course, must be selected. The majority then selects S 8111, which relates to claims "for wages, salary, or overtime for work, labor or personal services performed . . . or for any other benefits arising from such work, labor or personal services" as being "more specific" and, thus, most analogous to a claim for denied disability benefits under ERISA than S 8106, the statute traditionally used in Delaware for breach of contract, or breach of promise, actions. While I agree that S 8111 is "more specific," it simply does not apply to a claim that ERISA benefits were wrongly denied.

Delaware courts restrict S 8111 and its one-year statute to work or services which have already been performed and apply S 8106 to a promise of compensation for work or services to be performed. The S 8111 action, in other words, is based on the services performed rather than on the original promise while the S 8106 action is based on the underlying promise with respect to services not yet

14

completed. See Goldman v. Braunstein's, Inc., 240 A.2d 577, 578 (Del. 1968); Brown v. Colonial Chevrolet Co., 249 A.2d 439, 441 (Del. Super. Ct. 1968).1 Moreover, benefits for work or services which have been performed have been described in the case on which the majority primarily relies as "fringe" benefits. Mitchell v. E.I. duPont deNemours & Co., 310 A.2d 641, 642 (Del. 1973). Claims for fringe benefits are typically governed by S 8111. See e.g. , Compass v. American Mirrex Co., 72 F. Supp. 2d 462, 467-68 (D. Del. 1999)(claim for unpaid bonus governed by S 8111); SCOA Industries, Inc. v. Bracken, 374 A.2d 263, 264 (Del. 1977)(claim for year-end bonus was equivalent of"wages" and governed by S 8111).

In Mitchell, a pre-ERISA case, the Supreme Court of Delaware determined that Mitchell's action under Delaware's Disability Wage Plan was governed byS 8111. The Disability Wage Plan, however, had one and only one requirement for eligibility -- "at least one year of continuous service." The Plan was a "fringe benefit," said the Court, which accrued to Mitchell simply because she had worked for the one year -- her "work" had been "performed." Mitchell, 310 A.2d at 642.

Syed's claim, however, has little or nothing to do with work or services performed or fringe benefits and has everything to do with benefits for disability based on an interpretation and analysis of the Plan documents, akin to the analysis required in a traditional breach of contract claim:

> The [claimant] has brought this action to recover benefits allegedly due him under the terms of the employee pension benefit plan and to enforce and/or

_____

1. As the majority acknowledges, selecting the appropriate statute of limitations is a matter of federal, not state, law, and thus our task is not
to predict which statute of limitations the Delaware Supreme Court might select for an ERISA claim. Rather, "in borrowing the state statute of limitations to impose a time limitation on the federal cause of action, the federal court is `closing the gap' left by Congress in order to fashion
a body of federal common law to supplement the federal statutory cause of action." Harrison v. Digital Health Plan , 183 F.3d 1235, 1238-39 (11th Cir. 1999).

clarify his rights under the terms of that Plan. The employee pension benefit plan and its predecessor . . . are in written form. Each of the Plans contain extensive and detailed terms and conditions governing the rights and duties of all participants in the fund.

Jenkins v. Local 705 Int'l Bd. of Teamsters Pension Plan, 713 F.2d 247, 252-53 (7th Cir. 1983); see also Hogan v. Kraft Foods, 969 F.2d 142, 145 (5th Cir. 1992)("[The] claim involves the interpretation of the annuity contract[.]"); Meade v. Pension Appeals and Review Comm., 966 F.2d 190, 195 (6th Cir. 1992)("[T]he Plan at issue in this case constitutes a written contract [for disability benefits]."); Johnson v. State Mut. Life Assur. Co. of America, 942 F.2d 1260, 1264 (8th Cir. 1991)(noting that life insurance policy governed by ERISA "is a written promise to pay money if a specified condition, accidental death, occurs in the future").

Here, as in Jenkins, it is the Plan which will dictate the outcome of Syed's claim for unpaid disability benefits.[2] There is simply no reasoned basis for concluding that fringe benefits given by the employer to the employee, i.e. "benefits arising from . . . work, labor or personal services performed," should be stretched to include the very different pension and health benefits governed by an ERISA plan that is subject to contract interpretation. [3] The majority's two-fold rejoinder to this is not persuasive. The majority misses the point by stating the hardly startling

_____

2. It also bears mention that ERISA plans involve parties outside the employment relationship such as family members, the insurance company, and the plan administrator, and for that reason as well a S 502(a)(1)(B) claim does not fit squarely within S 8111. See Harrison, 183 F.3d at 1241-42 (noting that ERISA claims may involve non-work related injuries or illnesses and, thus, concluding that state breach of contract statute was more analogous to S 502(a)(1)(B) claims than workers compensation statute).

3. Pennsylvania has a similar statute, the Wage Payment and Collection Law, 43 P.S. S 260.1 et seq. See Ferguson v. Greyhound Retirement and Disability Trust, 613 F. Supp. 323, 324 (W.D. Pa. 1985)(rejecting use of wage statute -- and other statutes of limitations-- as most analogous and stating "[t]his is an action for recovery of benefits due under the terms of an employee pension benefit plan[.] We believe that the claim is most analogous to contract law.").

16

proposition that "Syed's claim was squarely based on his prior employment," "hardly startling" because Syed, of course, had to have been an employee to have brought an ERISA claim. Beyond that, the majority's citation to one case -- a preemption case which emanated from New Jersey, not Delaware -- for the proposition that ERISA benefits are "often" termed fringe benefits is somewhat disingenuous. The category of funds to which the New Jersey Construction Workers' Fringe Benefit Security Act at issue in that case applied consisted "largely if not entirely of employee benefit plans governed by ERISA." Bricklayers and Allied Craftsmen Int'l Union Local 33 Benefit Funds v. America's Marble Source Inc., 950 F.2d 114, 118 (3d Cir. 1991).

Mitchell aside, the majority also invokes a 1956 District of Delaware case which states that S 8111 is meant to encompass all disputes arising from the employment relationship. See Sorensen v. Overland Corp., 142 F. Supp. 354 (D. Del. 1956), aff 'd, 242 F.2d 70 (3d Cir. 1959). Separate and apart from the fact that this sweeping language emanates from a case decided long before ERISA was even a twinkle in Congress's eye, the statement which the majority quotes has been qualified in at least two post-ERISA District of Delaware cases. In Rich v. Zeneca, Inc., 845 F. Supp. 162 (D. Del. 1994), relied on by Syed, the District Court found Mitchell and the "fairly broad" statement in Sorenson inapplicable to Rich's claim under ERISA that his employer wrongfully interfered with his attainment of pension and employment benefits:

> S 8111 and its one year statute of limitations for wage, salary and benefit claims should not be read as being so comprehensive as to bar all claims arising out of the employer-employee relationship. Rather [S 8111] is directed to claims alleging a breach of a duty to pay wages, salary or overtime for work performed. Where, as here, a plaintiff alleges that a defendant has breached a different duty arising out of the employer-employee relationship, another statute of limitations may apply to the plaintiff 's claim.

Rich, 845 F. Supp. at 165. The Court concluded that Rich's claims were most analogous to the breach of contract and

17

breach of promise claims asserted in Goldman and Brown and, thus, subject to the S 8106 three-year statute of limitations. See id. at 165-66. Parenthetically, the majority's effort to distinguish Rich by shoe-horning Syed's case into "work performed" because his benefits have been "earned" makes no sense both on its face and because those contracted-for benefits can only be "earned" when certain criteria -- criteria stated in the Plan-- are met, a finding which cannot now be made.4

In the second post-ERISA District of Delaware case, the Court, referencing what it called the "broad interpretation" of S 8111 in Sorensen, found that the bonus at issue -- a clear "fringe" benefit -- was subject toS 8111's one-year statute of limitations. The Court summarized the distinction between S 8106 and S 8111:

> If a plaintiff alleges a breach of a duty to provide benefits or to pay wages for work already performed, then the one year statute of limitations in section 8111 governs. On the other hand, if plaintiff alleges that his employer breached a different duty arising out of the employment agreement, then the three year statute of limitations in section 8106 applies.

Compass, 72 F. Supp. 2d at 467. Just such a"different duty" has been alleged here. See also DeWitt v. Penn-Del Directory Corp., 872 F. Supp. 126, 134-35 (D. Del. 1994)(S 8106 is the most analogous statute of limitations for ERISA S 510 claim).

_____

4. The majority rejects a second case relied on by Syed primarily because the Court in that case did not explain why it foundS 8111 inapplicable to a claim brought under a group accident insurance policy for personal injuries resulting in disability. See Shaw v. Aetna Life Ins. Co., 395 A.2d 384 (Del. Super. Ct. 1978). It is very clear, however, why the Shaw Court found as it did: the very specific two-year statute of limitations for personal injury claims was the perfect fit. I note, for what it is worth, that by virtue of subsequent amendments to the personal injury protection ("PIP") provisions of Delaware's No Fault Insurance Statute, actions for PIP benefits are now statutory causes of action, subject to the three-year statute of limitations of S 8106. See Harper v. State Farm Mut. Auto. Ins. Co., 703 A.2d 136 (Del. 1997).

18

Finally, the majority cites a 1995 Eighth Circuit case which applied Minnesota's two-year statute of limitations for wage claims as more analogous to a S 502(a)(1)(B) claim than the six-year statute of limitations governing contract disputes. See Adamson v. Armco, Inc., 44 F.3d 650 (8th Cir.), cert. denied, 516 U.S. 823 (1995). Conceding that Minnesota courts have not had occasion to determine whether claims for employee benefits under an ERISA plan are wage claims, the Adamson Court found the issue "hardly in doubt," but cited in support of its "hardly in doubt" conclusion only pre-ERISA cases involving claims not for disability benefits but for unpaid vacation benefits, salary increases and "adjustment of all fringe benefits." 447 F.3d at 653. Hardly ringing support.

It is, thus, clear, at least to me, that S 8106's statute of limitations for contract actions is more analogous to an ERISA claim for the denial of benefits than that found in S 8111.5 Moreover, in our search for the most analogous statute, we are not necessarily limited to reviewing the two presented to us. It might well be appropriate, therefore, to consider Delaware's three-year statute of limitations for claims alleging breach of insurance policies, 19 Del. C. S 3315. Other circuits have concluded that similar state statutes are the most analogous to S 502(a)(1)(B) claims and supply the appropriate statute of limitations. See, e.g., Lang

---

5. I note in passing, and only in passing because the parties have not discussed it, that S 8106 also provides a statute of limitations for "action[s] based on a statute". Delaware courts have applied the provision to S 8106/S 8111 disputes. See Johnson v. Williams, 728 A.2d 1185, 1188-89 (Del. Super. Ct. 1998)(concluding that lower court's use of S 8106 where fireman sought line-of-duty disability benefits pursuant to state statute as an "action based on statute" was not clearly erroneous); Vassallo v. Haber Elec. Co., 435 A.2d 1046, 1051 (Del. Super. Ct. 1981)(applying S 8106 to plaintiff 's claim that based on a state statute he should have been registered by employer to receive higher wages). Section 8106 has also been found to provide the statute of limitations for a federal RICO claim, a claim "based on a statute." See Creamer v. General Teamsters Local Union 326, 579 F. Supp. 1284, 1290 (D. Del. 1984). Syed's claim is indisputably based on a statute -- ERISA -- and because the more specific S 8111 simply does not apply, S 8106 is arguably a more appropriate candidate for the most analogous statute of limitations for this reason as well.

19

v. Aetna Life Ins. Co., 196 F.3d 1102, 1104 (10th Cir. 1999) ("Our duty . . . is to choose the most analogous state statute of limitation. While plaintiff 's ERISA claim is based upon a contract, it is more precisely based upon a contract of insurance. Therefore, we hold that the three-year statute of limitations applies to plaintiff 's claim."); Nikaido v. Centennial Life Ins. Co., 42 F.3d 557, 559 (9th Cir. 1994)(using California's "limitations statute specifically for disability policies" rather than general breach of contract statute where ERISA Plan contained provision similar to that of California's insurance code); Duchek v. Blue Cross and Blue Shield of Nebraska, 153 F.3d 648, 649-50 (8th Cir. 1998)(applying Nebraska Insurance Statute to action for benefits under ERISA). As the Duchek Court put it:

> [I]t would be anomalous to characterize this suit as a contract action and then borrow Nebraska's generic contract statute of limitations rather than the specific section of the Nebraska insurance laws permitting the contractual limitation in question.

153 F.3d at 649-50.

The majority, after concluding that Syed's claim comes within S 8111's statute of limitations, recognizes that that does not conclusively resolve the issue because the selected statute of limitations must not be "inconsistent with national labor policy." It is, indeed, quite clear that a state's statute of limitations for ERISA claims will only be borrowed "so long as application of state statute's time period would not impede effectuation of federal policy." Pierce County Hotel Employees and Restaurant Employees Health Trust v. Elks Lodge, 827 F.2d 1324, 1328 (9th Cir. 1987); see also Jenkins, 713 F.2d at 251 ("In determining the most appropriate state statute of limitations, the court must be cognizant of and examine the underlying nature of the federal claim as well as the federal policies involved."). The majority, while finding S 8111's one-year statute of limitations to be "short," and while choosing not to discuss the policy behind ERISA, simply concludes that it"cannot say" the one-year statute of limitations is inconsistent with that policy. That conclusion is not so clear to me.

In enacting ERISA, "Congress sought to protect the

interests of participants in employee benefits plans by regulating the administration of such plans and by providing participants and beneficiaries with a variety of remedies to assure compliance with the statutory framework." Harrison, 183 F.3d at 1239; see also Held v. Manufacturers Hanover Leasing Corp., 912 F.2d 1197, 1202 (10th Cir. 1990)("The principal purpose of ERISA is to protect employees' rights to benefits under a covered plan."). While I cannot say that applying S 8111's one-year statute of limitations (which, it must be remembered, bars Syed's claim) is so unreasonable as to impede the effectuation of federal policy, I surely cannot say that we are furthering Congress's clearly stated goal by concluding that Delaware's employees have a much shorter period of time within which to file claims for the wrongful denial of benefits than employees in virtually every other state.6 Perhaps the Delaware Legislature will feel obliged to consider this unfortunate result. See Johnson , 942 F.2d at 1266 ("Either Congress, by amending ERISA, or the Missouri Legislature is free to modify the statute of limitations. Until such legislative action, we are required to

_____

6. See e.g., Carey v. Int'l Broth. of Elec. Workers Local 363 Pension Plan,
201 F.3d 44, 46-47 (2d Cir. 1999)(applying New York's six-year limitations period); Lang, 196 F.3d at 1104 (applying Utah's three-year limitations period); Harrison, 183 F.3d at 1239-40 (applying Georgia's six-year limitations period); Duchek, 153 F.3d at 649-50 (applying Nebraska's three-year limitations period); Blue Cross & Blue Shield of Alabama v. Sanders, 138 F.3d 1347, 1357 (11th Cir. 1998)(applying Alabama's six-year limitations); Daill, 100 F.3d at 65 (applying Illinois' ten-year limitations period); Nikaido, 42 F.3d at 559 (applying California's three-year limitations period); Hogan, 969 F.2d at 145 (applying Texas' four-year limitations period); Johnson, 942 F.2d at 1263 (applying Missouri's ten-year limitations period); Meade 966 F.2d at 193, 195 (applying Ohio's fifteen-year limitations period); Wright v. Southwestern Bell Telephone Co., 925 F.2d 1288, 1291 (10th Cir. 1991)(applying Oklahoma's five-year limitations period); Pierce, 827 F.2d at 1328 (applying Washington's six-year limitations period); Hawaii Carpenters Trust Funds v. Waiola Carpenter Shop, Inc., 823 F.2d 289, 297-98 (9th Cir. 1987)(applying Hawaii's six-year limitations period); Dameron v. Sinai Hosp. of Baltimore, Inc., 815 F.2d 975, 981-82 (4th Cir. 1987)(applying Maryland's three-year limitations period); Trustees for Alaska Laborers-Constr. Indus. Health and Sec. Fund v. Ferrell, 812 F.2d 512, 517 (9th Cir. 1987)(applying Alaska's six-year limitations period).

hold, consistent with Missouri law, that plaintiff 's claim to enforce defendant's written promise for the payment of money is governed by the ten-year statute of limitations.").

One final note. The Supreme Court of Delaware has instructed that when a Delaware court is in doubt as to which of two statutes of limitations control, it should choose the longer. See Sonne v. Sacks, 314 A.2d 194, 196 (Del. 1973). Indeed, we, ourselves, have recognized this principle in a diversity case dealing with an S 8106 and S 8111 dispute. See Lindsey v. M.A. Zeccola & Sons, Inc., 26 F.3d 1236, 1245 (3d Cir. 1994). Although we, of course, are not bound to follow that sensible instruction, choosing the concededly applicable longer statute of limitations period would not only further the federal policy behind ERISA but would bring Delaware into line with all of the other states in which substantially longer statutes of limitations are applied than the one-year period deemed applicable here. I respectfully dissent.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit