

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-9-2003

# Tinley v. Gannett Co Inc

Precedential or Non-Precedential: Non-Precedential

Docket 02-2178

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Tinley v. Gannett Co Inc" (2003). *2003 Decisions.* Paper 888.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/888

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 02-2178

_____

CALVERT R. TINLEY, JR.; CHESTER W. GINGRAS;
ESTATE OF BEVERLY A. GINGRAS; JAMES REDIC, JR.;
ANITA M. TINLEY; PAUL LASKOWSKI, and all other
similarly situated members of the class of
employee-contractor service providers,

Appellants

v.

GANNETT COMPANY, INC., a Delaware corporation
and all subsidiaries thereof fka Wilmington
News-Journal Company; GANNETT RETIREMENT PLAN,
an employee pension benefit plan; GANNETT
COMPANY INC., Plan Administrator of Gannett
Retirement Plan

_____

Appeal from the United States District Court
For the District of Delaware
D.C. No.: 99-cv-00484
District Judge: Honorable Gregory M. Sleet

_____

Submitted Under Third Circuit LAR 34.1(a) December 20, 2002

Before: SLOVITER, MCKEE, and ROSENN, Circuit Judges.

(Filed January 9, 2003)

_____

OPINION OF THE COURT

_____

ROSENN, Circuit Judge.

The plaintiffs are current and former newspaper haulers for the defendant, Gannett Company, Inc. (Gannett or the Company), a daily newspaper publisher. They filed a complaint in the United States District Court for the District of Delaware, alleging that they were improperly classified as independent contractors when in fact they were common-law employees. Among their various claims for relief, they sought (Count III of the complaint) to recover money damages for pension plan benefits established by Gannett, the Plan Sponsor, which they claimed to be due them as common law employees. Specifically, they allege that Gannett "committed a fiduciary breach as to plaintiffs" by classifying them as independent contractors and not crediting them with service for Plan purposes.

The defendants moved to dismiss the entire complaint pursuant to Fed. R. Civ. P. 12(b)(6) and, in the alternative, sought summary judgment. Although the District Court dismissed the first two counts of the complaint, from which no appeal has been taken, it refused to dismiss Count III pending plaintiffs' exhaustion of the Plan's administrative remedies and further development of the record as to the nature of plaintiffs' claims. Subsequently, after the denial of the administrative claim of each claimant, both plaintiffs and defendants moved for summary judgment on the Count III claim. The defendants also moved to dismiss Count III, asserting that the plaintiffs lacked standing to assert a claim for benefits. The District Court denied plaintiffs' motion but granted defendants' motion for summary judgment, holding that plaintiffs' claims were time barred under ERISA's three-

2

year statute of limitations. The Court also held that the plaintiffs' alleged breach of the Plan could not give rise to fiduciary liability because Gannett's classification of defendants as independent contractors was made in a business management, non-fiduciary, capacity. Plaintiffs timely appealed. We affirm.

## I.

On appeal, the plaintiffs raise numerous issues, which are known to the parties. The most compelling and determinative of these is the District Court's application of the Employee Retirement Income Security Act (ERISA) § 413's three-year statute of limitations. See 29 U.S.C. § 1113.[1] In view of our disposition of this issue, we do not reach any of the others raised by the plaintiffs.[2] The District Court held that Gannett triggered the statute of limitations in 1988 when, acting in its settlor capacity, it informed a group of haulers that they would be treated as independent contractors for pension purposes.

In 1975, Gannett established an employee retirement benefits Plan. The 1975 Plan

---

[1] Section 413 provides in relevant part:
"No action may be commenced under this title with respect to a fiduciary's breach of any responsibility, duty, or obligation . . . after . . . (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation; except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation." 29 U.S.C. § 1113.

[2] Inter alia, plaintiffs assert that the District Court completely ignored their request for class certification. However, plaintiffs never filed a motion for class certification as required by Federal Rule of Civil Procedure 23. Plaintiffs allege they made a "request." The docket entries show neither a motion nor a "request." This argument in the District Court in support of class certification properly was ignored by the District Court in light of plaintiffs' failure to comply with the Rule 23 requirements.

did not expressly include or exclude independent contractors. The original contracts are ambiguous as to whether the haulers were to be treated as employees or independent contractors.[3] In 1976, Gannett, as Plan Sponsor, amended the plan to provide specifically that independent contractors "shall not be included in the definition of employee."

In 1988, Gannett moved its headquarters and requested that the haulers inform Gannett of any concerns they might have. In reply, the haulers sent a letter to Gannett citing News Journal Co. v. NLRB, 447 F.2d 65 (3d Cir. 1971), which affirmed a National Labor Relations Board conclusion that haulers were common-law employees and therefore employees for National Labor Relations Act purposes.[4] The plaintiffs' letter demanded that Gannett recognize that "we are co. employees and give us the same benefits as other employees." Gannett, acting in its settlor capacity, responded that "we will continue to treat you as we have in the past." See Dist. Ct. op. 3/25/02 at AI 11.[5]

_____

[3]Although the contracts are entitled "Independent Hauler Agreements," there is no explicit statement in the body of the contract that the haulers are to be treated as independent contractors. The defendants state in their brief that plaintiffs' status as independent contractors is "specifically set forth in service contracts between the parties." This statement lacks a factual basis. The original contracts do not contain any reference to pension benefits and they are ambiguous as to whether the haulers are employees or independent contractors.

[4] On July 13, 1998, the IRS likewise concluded that for tax purposes, the truck haulers were employees rather than independent contractors.

[5]Appellants point out that the only record evidence of Gannett's response appears in a narrative from plaintiff Chester Gingras. Plaintiffs argue that Gingras' statement quoting Gannett's letter is inadmissible hearsay. Plaintiffs imply that if this statement is excluded, summary judgment was inappropriate because there is no factual basis in the record to show a repudiation of the claims. Plaintiffs ask this Court to remand for deposition testimony from Gannett personnel to create a non-hearsay factual basis for Gannett's assertion that it

Eleven years later, on July 29, 1999, the haulers sued alleging a breach of fiduciary duty under ERISA § 413. The District Court granted summary judgment for the defendants. Judge Sleet ruled that Gannett's 1988 letter gave the haulers actual knowledge that Gannett treated them as independent contractors for pension purposes, thus activating ERISA § 413's three-year statute of limitations and barring the haulers' 1999 claim as untimely. On appeal, the haulers argue that they are common law employees and that Gannett could not have repudiated their claim in 1988 because it was acting in a settlor capacity and not as a fiduciary.

## II.

Defendants argue that plaintiffs Calvin Tinley, Chester Gingras, Beverly Gingras, and Jewell Redic are not currently employed by Gannett and therefore do not have standing to bring suit. The formal requirements of standing include: (1) an injury; (2) that is fairly traceable to the challenged action; (3) that a court can redress. See, e.g., Allen v. Wright, 468 U.S. 737, 751 (1984); see also Erwin Chemerinsky, Federal Jurisdiction § 2.3 (1989). Former employees have standing under ERISA if they have a colorable claim to benefits or a reasonable expectation of returning to employment. See Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 117-18 (1989); Shawley v. Bethlehem Steel Corp., 989 F.2d 652, 656 (3d Cir. 1993). We hold that the plaintiffs' claim to benefits is sufficiently colorable

---

informed plaintiffs in 1988 that they were classified as independent contractors. We reject this argument. The statement is not inadmissible hearsay because it is admitted to show Gingras's state of mind in 1988 (i.e., his awareness as of that time that he was being treated as an independent contractor) rather than for the truth of the matter asserted.

to confer standing.

III.

The applicability of a statute of limitations is a legal question that this Court reviews de novo. Syed v. Hercules, Inc., 214 F.3d 155, 159 n.2 (3d Cir. 2000), cert. denied, 531 U.S. 1148 (2001). The applicable statute of limitations period for an action under ERISA depends upon the type of claim.

ERISA § 413 applies here because the plain language of the complaint, the history of the litigation, and the plaintiffs' failure to object indicate that plaintiffs' claim is properly construed as a claim for breach of fiduciary duty. See Dist. Ct. op. 3/25/02 at AI 13. Furthermore, the plaintiffs explicitly disavowed any contention that they were asserting a claim for benefits under 29 U.S.C. § 1132(a)(1)(B). See Dist. Ct. op. 5/26/00 at AI 36. ERISA § 413 actions must be commenced within six years of the breach or within three years of the plaintiffs' obtaining actual knowledge of the breach, whichever is earlier. See 29 U.S.C. § 1113.[6]

We agree with Judge Sleet that defendant's reply to plaintiffs' 1988 letter puts them on notice of the breach. See Dist. Ct. op. 3/25/02 at AI 14. Thus, they had actual knowledge of all the facts necessary to understand that some claim exists. See Gluck v. Unisys Co., 960F.2d 1168, 1171 (3d Cir. 1992).

---

[6]If the defendant has concealed the breach, or if the breach entails fraud, an action may be commenced up to six years after discovery of the breach. Id. However, there was no fraud or concealment here and none is alleged.

Plaintiffs' argument that the defendants' 1988 reply did not constitute an "outright repudiation" of its claim for benefits sufficient to trigger the statute of limitations hinges on the contention that Gannett, acting as an employer, did not have the power to deny plaintiffs' pension benefits. Plaintiffs argue that "there is no evidence that any plan administrator function [sic.] categorically denied any benefits claims of the haulers." This argument lacks merit. Employers in their settlor capacity have the power to decide which employees to include in their plans in the first place. Employers may exclude categories of their employees from their ERISA plans. See Hughes Aircraft Co. v. Jacobson, 525 U.S. 432, 445 (1999) ("ERISA's fiduciary duty requirement is simply not implicated where Hughes, acting as the Plan's settlor, makes a decision regarding the form or structure of the Plan such as who is entitled to receive plan benefits and in what amounts, or how such benefits are calculated"); Capital Cities/ABC, Inc. v. Kansas City Star, 141 F.3d 1405, 1409 (10th Cir. 1998) (". . .it is well established that employers may exclude categories of employees from their ERISA plans."). Even assuming arguendo that plaintiffs were common-law employees and not independent contractors, plaintiffs still had actual notice as of 1988 that they were being excluded from the Plan. Thus, the District Court committed no error when it held that as of 1988 plaintiffs had actual knowledge of their exclusion from the Plan.[7]

---

[7]In the alternative, defendants argue that the plaintiffs had actual knowledge of their status as independent contractors as of the various dates when they signed contracts with the defendants. Defendants again claim that the contracts "specifically" state that the plaintiffs were independent contractors. However, the defendants do not point to language

7

Plaintiffs argue that even if they had actual knowledge of the breach as of 1988, the statute of limitations was tolled because the violation was ongoing. The point at which a statute of limitations begins to run is a question of federal common law. See Laurenzano v. Blue Cross & Blue Shield of Mass., 134 F. Supp.2d 189, 207 (D. Mass. 2001). A plaintiff's cause of action under ERISA accrues "when there has been a repudiation by the fiduciary which is clear and made known to the beneficiary." Miles v. N.Y. State Teamsters Conference Pension & Retirement Fund, 698 F.2d 593, 598 (2d Cir.), cert. denied, 464 U.S. 829 (1983) (internal quotations omitted). The limitations period therefore generally begins to run when a Plan denies a beneficiary's formal application for benefits. See, e.g., Lewis v. John Hancock Mut. Life Ins. Co., 6 F. Supp. 2d 244, 247 (S.D.N.Y. 1998).

Sometimes, however, a Plan's clear repudiation triggers the statute of limitations, even in the absence of a formal application.[8] A plaintiff's cause of action accrues upon a clear repudiation that is known, or should be known, to the plaintiff regardless of whether the plaintiff formally applied for benefits. See Union Pac. R.R. v. Beckham, 138 F.3d 325, 330-31 (8th Cir.), cert. denied, 525 U.S. 817 (1998). Under the discovery rule, "a plaintiff's cause of action accrues when he discovers, or with due diligence should have discovered, the injury that is the basis of the litigation." Id. at 330; see also In re Unisys

---

in the contracts in support of this assertion and we are unpersuaded by this argument.

[8]Plaintiffs argue to the contrary that "Statutes of Limitations are not implicated until a claim for benefits is made, denied, appealed and denied again." This argument lacks merit. See, e.g., Carey v. Int'l Bhd. of Elec. Workers, 201 F.3d 44, 47-48 (2d Cir. 1999).

Corp. Retiree Medical Benefit, 242 F.3d 497, 502 (3d Cir. 2001) (applying the federal common law discovery rule in the context of ERISA § 413). When there are multiple breaches, the limitations period begins when the plaintiff learns of any breach. See Phillips v. Alaska Hotel & Rest. Employees Pension Fund, 944 F.2d 509, 520 (9th Cir. 1991).

Plaintiffs cite two cases for their contention that the "continuing violation" theory permits them to use the date of the last violation, rather than the first, for statute of limitations purposes. First, plaintiffs direct our attention to a non-ERISA case, Brenner v. United Bhd. of Carpenters & Joiners of Am., 927 F.2d 1283 (3d Cir. 1991), which involved a claim that an employer had retaliated against employees for internal union activities. Brenner states that "[i]n most federal causes of action, when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance, the court will grant relief for the earlier related acts that would otherwise be time barred." Id. at 1295 (internal citations omitted). Apparently, plaintiffs' argument is that the defendants continued to violate News Journal by failing to treat them as employees for ERISA purposes despite our 1971 ruling that they were entitled to be treated as employees for NLRB purposes. This argument is unavailing. News Journal only established plaintiffs as employees for NLRB purposes, not for ERISA purposes. Furthermore, even if plaintiffs were common law employees, employers are not required to include every common law employee in their pension Plans. Hughes, 525 U.S. at 445; Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 91 (1983). If there was no violation of News Journal, a fortiori there was no continuing

9

violation.

Likewise, Laurenzano fails to support the applicability of the continuing violation theory. In Laurenzano, former participants in a defined benefit pension plan brought a class action under ERISA to recalculate benefits after they received a lump sum distribution from the Plan that did not take into account a cost of living adjustment. The District Court held that each class member's cause of action for recalculation of benefits accrued when he received his lump sum distribution unless he sought internal remedies. Laurenzano does not support plaintiffs' argument, because it states that "[u]nder the discovery rule, a denial of benefits need not be formal, so long as the denial is clear." Laurenzano, 134 F. Supp. 2d at 209 (internal citations omitted).[9] The 1988 letter was a clear, informal denial, because Gannett had the power as the settlor to classify the plaintiffs in a way that made them ineligible for benefits. See Shaw, 463 U.S. at 91.

Furthermore, plaintiffs' contention that they are entitled to the date of the last alleged violation is at odds with Phillips, supra, which held that when there are multiple breaches, the limitations period begins when the plaintiff learns of any breach. Likewise, we have held that when there has been an outright repudiation of the plaintiffs' rights, the statute of limitations runs as of the time of the repudiation. Henglein v. Colt Indus., 260 F.3d 201, 214 (3d Cir. 2001), cert. denied, 122 S. Ct. 1358 (2002).

---

[9]In Laurenzano, the plaintiffs prevailed because "the class members did not receive a clear denial of benefits, and thus their causes of action did not accrue, at the moment they joined the Plan." See Laurenzano, 134 F. Supp.2d at 209 (citations omitted).

Accordingly, we reject plaintiffs' argument and hold that ERISA's three-year statute of limitations began to run as of 1988 when the Company unequivocally notified the plaintiffs that as haulers they were excluded from the Plan.

VI.

The District Court's order granting summary judgment to defendants is hereby affirmed. Costs taxed against the appellants.

_____

TO THE CLERK:

Please file the foregoing opinion.

/s/ Max Rosenn
Circuit Judge